No. 47,560

STATE OF KANSAS, *Appellant,* v. HENRY JOHN DOLACK, *Appellee.*

(533 P. 2d 1282)

Opinion filed April 5, 1975.

*J. J. B. Wiggelsworth,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Margaret W. Jordan,* district attorney, were with him on the brief for appellant.

*David J. Waxse,* of Payne & Jones, of Olathe, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal by the state from an order of the district court sustaining defendant Henry John Dolak's motion to dismiss an information charging him with aggravated kidnapping. (K. S. A. 21-3421.) The complexity attending this appeal requires a detailed recital of the facts.

The victim and complaining witness has given testimony that in the early morning hours of October 7, 1970, she ran out of gasoline and Dolack pulled up beside her in his car and forced her at gun point to get into his car; that they drove from Missouri to Kansas City, Kansas, and still at gun point, Dolack forced her to have sexual intercourse with him in his car; that they then drove to a motel in Johnson County, Kansas, and on the way to Dolack's room she started screaming and fell to the pavement, and that the defendant, after encountering a police officer in a patrol car who was responding to her screams, went to his car and drove off. The victim testified she had a gun, but that it was in her purse which the defendant threw into the back seat of his car.

Five days later, and on October 12, 1970, a complaint was filed in the Magistrate court of Johnson County, Kansas, in Case No. 22233, charging the defendant with aggravated kidnapping (K. S. A. 21-3421), and rape (K. S. A. 21-3502). A warrant was issued for the defendant's arrest.

On the same day the complaint was filed and the arrest warrant

issued in Johnson County, the defendant was arrested in Saskatchewan, Canada. He was sentenced to a term of two years in a Canadian penal institution on unrelated Canadian charges.

On October 21, 1970, an indictment was returned by a federal grand jury for the district of Kansas, charging that on or about October 7, 1970, the defendant unlawfully transported in interstate commerce from Kansas City, Missouri, to Kansas City, Kansas, a named female person who theretofore had been unlawfully kidnapped and held for sexual gratification, and that the female person was not liberated unharmed, but was raped, lacerated and bruised by the defendant in violation of 18 U. S. C. § 1201.

On May 26, 1971, some seven months after the federal indictment was returned, Dolack was "unofficially" informed by Canadian officials of the indictment. Upon learning of the indictment, Dolack wrote the chief judge of the United States District Court for the District of Kansas of his incarceration, his expected release date, and that he was a United States citizen "without fund, real or otherwise to employ counsel, and, there are no interested parties to absorb such costs." He requested the court to appoint counsel to represent him, to grant appointed counsel travel expenses to confer with him at the Canadian prison, and to grant appointed counsel the authority to employ a private investigator to assist him in his defense. Dolack also requested a copy of the federal charges be sent him. His letter was filed with the federal court on June 3, 1971.

The court denied Dolack's request with the notation that "Motion denied until such time as deft present in this District," and "Copy of indictment mailed to Deft on 6/4/71."

On June 6, 1972, Dolack was released by Canadian authorities to the Federal Bureau of Investigation. On June 7, 1972, he was arraigned before a United States Magistrate in Port of Raymond, Montana. On the following day, June 8, 1972, he was delivered to the county jail in Yellowstone County, Montana. On or about June 24, 1972, he was transferred to the Wyandotte County jail in Kansas City, Kansas, where he was held for trial in default of a $20,000 bond.

In June, 1972, during the pendency of the federal prosecution against Dolack, the Johnson County attorney decided to prosecute on the state charges alleged in Case No. 22233, and directed the sheriff to lodge a detainer with the United States marshal. Dolack learned of the state's intention when he was conferring with his

federally appointed counsel in the Wyandotte County jail in August 1972.

On October 16, 1972, Dolack was brought to trial in the United States District Court for the District of Kansas, on the charge of kidnapping. Two days later, on October 18, 1972, he was convicted by a jury of the federal charge. Dolack's motion for a new trial was denied, and he was sentenced for a term of 25 years in the federal penitentiary at Leavenworth, Kansas.

On November 8, 1972, Dolack perfected an appeal to the United States Court of Appeals for the Tenth Circuit. As hereafter indicated, the appeal was heard and the court's opinion was filed on September 14, 1973, reversing the conviction and directing dismissal of the indictment against Dolack.

In the meantime, and on or about November 16, 1972, the sheriff of Johnson County lodged a detainer against Dolack with the warden of the federal prison. Dolack was informed of the detainer, and on January 23, 1973, he wrote the Johnson County attorney that "[i]f your office intends to prosecute the cause I am hereby giving notice I wish to have a speedy trial pursuant to the laws and Constitutions of the United States and the state of Kansas as well as the rulings of the Supreme Court of the United States"; that "[s] hould you feel it necessary I shall file a formal motion for speedy trial with the court as well as motions for bar to prosecution for want of prosecution; and on grounds of double jeopardy," and that "I am available for trial. I wish a speedy trial or dismissal of the detainer and prosecution."

On February 21, 1973, the district attorney of Johnson County (office of county attorney abolished, K. S. A. 22a-101) wrote Dolack the state intended to prosecute and "[i]f you want to request final disposition of this detainer you can contact the Warden's Office and request the proper forms that are available to you pursuant to the Uniform Agreement on Detainers. [K. S. A. 22-4401 *et seq.*] As soon as we are in receipt of your properly executed requests . . . we will take the necessary steps to bring you before the Johnson County Magistrate Court."

Failing to hear from Dolack, the district attorney wrote the Warden of the federal penitentiary on March 27, 1973, advising that ". . . To date we have not received his properly executed request," and asking the warden to inform "this office whether or not the inmate intends to proceed with his request."

On April 4, 1973, the Warden wrote the district attorney that Dolack "informed us that he was not going to file formally under the Agreement on Detainers," and "[i]t is evident that the inmate will not be the moving party in any action to return him to your jurisdiction." In a letter to the judge of the Magistrate court, dated April 21, 1973, Dolack requested counsel be appointed to represent him as to the state charges.

Being aware that Dolack refused to invoke the processes of the Agreement on Detainers for his voluntary return to the Kansas jurisdiction, the district attorney initiated proceedings under Article IV of the Agreement on Detainers (K. S. A. 22-4401) to require his return to the Kansas courts. It is unnecessary to detail the various steps of those proceedings, except to say that necessary documents were prepared and executed by the proper officials. In accordance with Article V of the Agreement on Detainers, temporary custody was allowed, and on June 11, 1973, Dolack was received at the Johnson County jail at Olathe. On the same day, he was taken before the judge of the Magistrate Court where counsel was appointed to represent him. On June 18, 1973, counsel filed a motion to dismiss the complaint and a request to produce materials in the file of the district attorney. The motion requested dismissal of Court I in accordance with K. S. A. 21-3108, and alleged jeopardy had attached for the offense of aggravated kidnapping by virtue of the federal conviction, and further alleged the venue of the charge of rape was in Wyandotte County.

On June 29, 1973, the defendant's motion was sustained by the Magistrate Court of Johnson County, and its journal entry reads, in part:

"The Court . . . finds and determines that Kansas Statutes Annotated 21-3108 applies in that the indictment and conviction of the defendant in the U. S. District Court for the District of Kansas was proceeded under U. S. C. 1201 which lists Kidnapping and the elements required to prove rape under the State statute.

"IT IS THEREFORE BY THE COURT ORDERED AND ADJUDGED that the motion to dismiss should be and is hereby sustained and the defendant is ordered remanded to the custody of the Federal Marshal to be returned to the U. S. Penitentiary located in Leavenworth, Kansas."

On July 3, 1973, following the dismissal of Case No. 22233 by the Magistrate Court, and pursuant to Article V (e) of the Agreement on Detainers, Dolack was returned to the custody of the Warden of the federal penitentiary.

On September 14, 1973, Dolack's conviction was reversed by the Court of Appeals, Tenth Circuit, and remanded with directions to the Federal District Court to dismiss the case and the indictment against him on which he was tried. (*United States v. Dolack*, 484 F 2d 528 [1973].) In the opinion the court said:

"This case, of course, does not directly concern the issue of whether or not the defendant was denied his right to a speedy trial or whether the principles enunciated by the Supreme Court in Dickey v. Florida, 398 U. S. 30, 90 S. Ct. 1564, 26 L. Ed. 2d 26, (1970) and Smith v. Hooey, 393 U. S. 374, 89 S. Ct. 575, 21 L. Ed. 2d (1967), are applicable where the defendant is incarcerated in a foreign nation. What is before us is whether the defendant's assertion, after indictment, of his right to counsel, notwithstanding the fact that he was then in a Canadian prison, and the denial of counsel at that time violated his Sixth Amendment rights. We hold that it did. The position taken by the Supreme Court in the Kirby, Dickey, Hooey, and Wingo cases dictates this result. Thus under these decisions, the failure to appoint counsel for defendant soon after the need became apparent, coupled with the fact that no ex parte hearing was held on the matter of investigative assistance (18 U. S. C. § 3006A (e) (1), while Dolack was in jail awaiting trial requires that this case be reversed.

"At this time, a new trial would serve no useful purpose, and we are likewise compelled by the Supreme Court's decision in Strunk v. United States, 412 U. S. 434, 93 S. Ct. 2260, 37 L. Ed. 2d 56, 1973, to order the 'severe,' but 'only possible,' remedy of dismissal in this case. Accordingly, this case is reversed and remanded to the district court with instructions to dismiss the case and the indictment against Henry John Dolack on which he was here tried.

"Reversed." (pp. 530, 531.)

On October 12, 1973, the opinion and mandate of the United States Court of Appeals were received and filed by the federal district court, and on October 15, 1973, an order was filed dismissing the case and indictment against Dolack. Certified copies of the order were mailed the same day to counsel and to the interested parties.

On October 16, 1973, a second complaint was filed in the Magistrate court of Johnson County, Case No. 26097, charging Dolack with aggravated kidnapping of the named female person on October 7, 1970, in violation of K. S. A. 21-3421. On the same day, a warrant was issued for his arrest. On October 17, 1973, Dolack was arrested upon his release from the federal penitentiary and he was brought before the Magistrate court of Johnson County where counsel was appointed that same day to represent him. Counsel filed a motion to dismiss the complaint against Dolack, which was taken under advisement. On October 18, 1973, the

Magistrate court ruled Dolack should be held for a preliminary hearing, and overruled the motion to dismiss.

The scene now shifts to the district court of Johnson County. Dolack sought release under a Writ of Habeas Corpus. The case was heard by the Honorable Herbert W. Walton on October 23, 1973, and decided October 25, 1973. The issues to be determined were primarily law and not of fact. Judge Walton made findings of fact from the record, delineated the issues to be determined, and stated the legal principles controlling his decision, all in accordance with Rule 116 of the supreme court and K. S. A. 60-252.

The Writ of Habeas Corpus was denied and Dolack was remanded to the custody of the sheriff. In its decision, the district court discussed and decided the points raised in the pleadings in the Habeas Corpus action. These are quoted from the record as follows:

"1. Is the prosecution barred by K. S. A. 21-3108 and K. S. A. 22-4301, et sequitor? The former statute being the statute of time limitations and the latter being the Uniform Mandatory Disposition of Detainers Act.

"2. Is the prosecution barred by the provisions of K. S. A. 21-3108 or the statutes relating to the effect of former prosecution? Stated another way, are the prosecution proceedings barred for the reasons set forth in the opinion of the United States Court of Appeals, Tenth Circuit?"

There was no appeal from the district court's rulings, and we summarize its memorandum opinion on the points stated above. Dolack first alleged the complaint and warrant recited the alleged act occurred on October 7, 1970, a period in excess of two years, and that the prosecution was barred by the statute of time limitation. The record disclosed that Dolack was absent from the state of Kansas from October 12, 1970, until June 6, 1972. K. S. A. 21-3106 (3) (a) provides that the time within which a prosecution must be commenced does not include any period in which the accused is absent from the state. Since this prosecution was commenced October 16, 1973, the court held the prosecution was timely commenced and was not barred under the circumstances, noting, however, that good pleading required the state to allege the reasons in the complaint why the bar of the statute was not applicable.

Dolack next asserted the state had to bring him to trial within 180 days after receipt of his request for trial pursuant to the Uniform Mandatory Disposition of Detainers Act (K. S. A. 22-4301 et seq.) and that such period had long since expired which bars further prosecution of the case.

The state contended Dolack was in fact brought to trial within

180 days when he was returned to Kansas jurisdiction on June 11, 1973, and brought before the Magistrate court. Thereafter, and on June 29, 1973, the Magistrate court sustained Dolack's motion to dismiss the complaint filed in Case No. 22233 on the basis of double jeopardy by reason of the conviction in the federal district court, which conviction was ultimately reversed by the United States Court of Appeals with direction to the federal district court to dismiss the case and the indictment against Dolack upon which he was tried. The state further argued that while Dolack was unable to stand trial by reason of the double jeopardy ruling of the Magistrate court on June 29, 1973, after reversal of his conviction by the United States Court of Appeals on September 14, 1973, and dismissal of the indictment by the federal district court on October 15, 1973, there was no valid federal conviction upon which he could base a claim of jeopardy, hence, Dolack could be required to stand trial on October 16, 1973.

The district court found the argument of the state persuasive, and concluded Dolack was brought to trial within the contemplation of the Uniform Act within 180 days when the proceedings against him were terminated by the Magistrate court on June 29, 1973. The court further concluded Dolack's contention would emasculate K. S. A. 21-3108 (4) (c), which reads:

"A prosecution is not barred under this section: . . . If subsequent proceedings resulted in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

Dolack next alleged that the effect of the former prosecution in the federal court for the same crime as charged in the complaint in Case No. 26097 barred further prosecution by reason of K. S. A. 21-3108 (1) (b) and (3) (a) and (b).

The district court concluded that the decision of the United States Court of Appeals was not tantamount to a judgment of acquittal, but only a bar to further proceedings in the federal court. As indicated, the Writ was denied and Dolack remanded to the custody of the sheriff.

Following the rendition of judgment denying the Writ, colloquy was had between the defendant, his counsel, and the court wherein the defendant sought an allowance for investigative services in the amount of $500, and further requested access to the Johnson County law library to enable him to provide research assistance to his counsel. The court concluded it had no authority in a Habeas Corpus proceeding to entertain such a request and indicated such

a request should be made of the judge of the Magistrate court.

Thereafter, and on October 26, 1973, the Magistrate court authorized investigative services in an amount not to exceed $500 and Dolack was granted access to the Johnson County law library for two hours each day, except Saturdays, Sundays, and holidays.

On November 5, 1973, the state filed an amended complaint without objection from the defendant, alleging that between October 21, 1970, and October 15, 1973, a prosecution was pending against Dolack in the United States District Court for the District of Kansas for the interstate transportation of a female for the purpose of rape under 18 U. S. C. § 1201, and further that between October 12, 1970, and June 1972, Dolack was absent from the state of Kansas. Following a two-day preliminary hearing, which commenced November 16, 1973, Dolack was bound over to the district court for trial for the offense of aggravated kidnapping (K. S. A. 21-3421) as alleged in the amended complaint in Case No. 26097.

On November 28, 1973, an information was filed in the district court charging Dolack with aggravated kidnapping. Following the defendant's formal arraignment on November 28, 1973, he entered a plea or not guilty. The district court continued the provisions of the order of the Magistrate court granting Dolack access to the Johnson County law library, and authorized further investigative services in an amount not to exceed $500—this was in addition to the amount previously ordered by the Magistrate court.

On December 11, 1973, Dolack filed a motion to dismiss the information, alleging the charges against him should be dismissed pursuant to Article 44, Chapter 22 of Kansas Statutes Annotated; that he had been denied his rights to counsel, speedy trial, and due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution; that the matter had been previously adjudicated in the Magistrate court of Johnson County and in the United States Court of Appeals for the Tenth Circuit, and that pursuant to K. S. A. 21-3108 the case against him should be dismissed.

On December 18, 1973, Dolack's motion was heard in division No. 5 of Johnson district court. The motion was sustained on January 2, 1974, and the court's decision reads:

"The Court, after having reviewed the pleadings and briefs of the parties, after having heard evidence and argument of counsel, and after being fully advised in the premises, finds that Defendant's motion to dismiss should and

is hereby sustained with the argument set forth in Defendant's brief and reply brief adopted as the conclusions of the Court."

Immediately after the district court announced its decision, the state filed a notice of appeal to this court. On January 3, 1974, the state moved the district court to make findings of fact and state the legal principles controlling its decision in accordance with Rule No. 116 of this court, and K. S. A. 60-252. That motion was denied.

The state's appeal is based upon K. S. A. 22-3602 (*a*). Its statement of points is far from being concise, but it does present the controlling issues: (1) Whether Dolack's prosecution is barred by the jeopardy statute, K. S. A. 21-3108; (2) whether he has been denied a speedy trial pursuant to Article III of the Agreement on Detainers, K. S. A. 22-4401; (3) whether he was denied his right to counsel, and (4) whether he was denied his right to due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution.

Dolack first contends that the effect of the former prosecution in the federal district court for the same crime as alleged in the information, bars further prosecution of this case. The language of Section 10 of the Bill of Rights of the Kansas Constitution is very similar to language contained in the Fifth Amendment to the Constitution of the United States providing in effect that no person shall be twice put in jeopardy for the same offense. The language of the Fifth Amendment guarantees no greater protection to the accused than does Section 10 of the Bill of Rights of the Kansas Constitution. Those constitutional provisions provide protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. (*North Carolina v. Pearce*, 395 U. S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.)

In Kansas, the effect of former prosecution is clearly delineated by K. S. A. 21-3108. It would unduly extend this opinion to quote the provisions of the statute in full, and in view of our decision on this point, we deem it unnecessary to quote subsections (1) (*b*) and (3) (*a*) and (*b*) relied upon by Dolack in the court below and in this court on appeal as barring the prosecution.

Dolack misconceives the effect of the reversal of his conviction by a jury. While the decision of reversal and remand was a final order as denominated in 21-3108 (1) (*b*) and (3) (*b*), its effect was

to nullify the federal prosecution in its entirety by reason of the government's denial of Dolack's constitutional rights prescribed by the Sixth Amendment. The federal district court, having jurisdiction to try the issue of Dolack's guilt or innocence in the first instance, found him guilty, which adjudication was held to be void by the federal appellate court for the reason the defendant's constitutional right to counsel was violated.

The "severe" but "only possible" remedy of dismissal imposed by the federal appellate court was clearly not tantamount to a verdict of acquittal at the hands of a jury—on the contrary, it was the result of a denial of a constitutional right, i. e., the failure to timely appoint counsel to represent Dolack after his indictment. Whether that decision is a bar to further proceedings in the federal courts is not for this court to say, but it is clear that under the circumstances which attend, such determination in nowise prevents the state of Kansas from prosecuting the instant case. Moreover, it was not material whether Dolack's conviction was set aside by the federal appellate court as a result of a collateral attack, or a direct appeal from his conviction. In either event, he had waived his claim to second jeopardy. (K. S. A. 21-3108 [4] [c].) See, also, Comments of the Judicial Council in the Annotation.

It follows that when the federal indictment against Dolack was dismissed by order of the United States Court of Appeals, Dolack stood subject to prosecution by Kansas for a violation of its criminal law as though the proceedings in the federal courts had never occurred. In law, those proceedings were void, and they afforded no valid basis for any claim of prior jeopardy. (K. S. A. 21-3108 [4] [c].) Claims by Dolack to the contrary are without merit and cannot be sustained. Moreover, the statutory policy (K. S. A. 21-3108) is sound in that while it is fair to the defendant that he should be tried but once for his misconduct, by whatever jurisdiction, it is likewise fair to the state that the errors of another sovereignty should not deprive Kansas of its right to try one alleged to have violated its criminal laws.

Professor Raymond L. Spring (Now Dean of the Washburn University School of Law), in an article reviewing the provisions of K. S. A. 21-3108, succinctly stated the effect of subsection (4) (c) as follows:

"When the former conviction, by direct or collateral attack, is set aside, reversed, or vacated, the defendant cannot claim former jeopardy as to the

crime of which he was convicted. Since he cannot subsequently be tried for a higher degree of the crime of which he has been convicted, it is difficult to conceive of a case in which such action would be taken except at the instance of the defendant. Where the action is taken at the defendant's instance, he clearly waives his right to claim former jeopardy, even though the conviction may be reversed or set aside for reasons not urged by defendant. Under subsection 21-3108 (4) (c), however, it would make no difference whether the defendant urged the setting aside of the conviction, because even if the conviction were set aside on the court's own motion, former jeopardy would not bar retrial. The defendant can only benefit by such action." (Spring, The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108, 9 Washburn L. J. 179, 191 [1970].)

We approve of what was stated by Dean Spring. Likewise we agree that the decision of the Johnson district court was correct on this point when it concluded in the Habeas Corpus proceeding that the state's prosecution was not barred by the double jeopardy statute. (K. S. A. 21-3108.) We therefore conclude the state's prosecution was not barred in the instant case.

We next turn to the claim that the state of Kansas denied Dolack a speedy trial as prescribed by Article III (a) of the Agreement on Detainers (K. S. A. 22-4401), when, as he contends, it failed to bring him to trial within the prescribed 180 days. We have previously set out in detail the chronology of events pertaining to this argument, and it would serve no useful purpose to repeat them. It is a well-established rule the Legislature may, within reason, define what is meant by the constitutional guarantee to a speedy trial, and has consistently done so. (*Townsend v. State*, 215 Kan. 485, 524 P. 2d 758, and cases cited.)

The district court concluded the state had not failed to bring Dolack to trial within 180 days when he was returned to Johnson County on June 11, 1973, and when his motion to dismiss the complaint in Case No. 22233 was sustained by the Magistrate court on June 29, 1973. Dolack was then returned to the federal prison pursuant to Article V (e) of the Agreement on Detainers.

In reaching its conclusion, the district court referred to the Uniform Mandatory Disposition of Detainers Act (K. S. A. 22-4301 *et seq.*) rather than Article III (a) of the Agreement on Detainers Act (K. S. A. 22-4401 *et seq.*). The fact the two Acts were used interchangeably is immaterial since the rights of inmates to a speedy trial are governed solely by the detainers statutes—the Uniform Mandatory Disposition of Detainers Act (22-4301 *et seq.*)

relates to prisoners confined in penal institutions *in this state,* while the Agreement on Detainers (22-4401 *et seq.*) is applicable to inmates confined in penal institutions *in another state* (this includes the federal penitentiary at Leavenworth).

To obtain a speedy trial guaranteed by Section 10 of our Bill of Rights, as legislatively defined by either of the two Acts just referred to, it is incumbent upon an accused incarcerated in a penal institution to comply with all the provisions of the Act applicable to his incarceration, including the preparation of his written request for disposition of detainer to be addressed to the court in which the indictment, information or complaint is then pending against him and to the county attorney charged with the duty of prosecuting it. (*State v. Brooks,* 206 Kan. 418, 479 P. 2d 893; *Townsend v. State,* supra; *State v. Otero,* 210 Kan. 530, 502 P. 2d 763.)

As previously indicated, Dolack declined to execute the necessary documentation for final disposition of the detainer after being so advised by the state and the warden of the federal penitentiary. For over three months after requesting a speedy trial or dismissal of the detainer early in 1973, Dolack took no action whatsoever, save delaying disposition. When his intentions became apparent, the state initiated proceedings under Article IV of the Agreement on Detainers to return him to Kansas jurisdiction, and we have no hesitancy in finding the provision of the Agreement on Detainers as to a speedy trial were not violated. When the total facts are considered, the state made a "diligent good-faith effort" (*State v. Hooey,* 393 U. S. 374, 383, 21 L. Ed. 2d 607, 89 S. Ct. 575) to proceed on the pending charges against Dolack.

Was Dolack denied the assistance of counsel? K. S. A. 22-4503 implements the constitutional guarantee of counsel in a criminal case. We deem it unnecessary to quote the statute in full, but, generally speaking, it provides that a defendant charged by the state of Kansas in a complaint, information or indictment with any felony is entitled to the assistance of counsel in every stage of the proceedings against him. Further, if a defendant appears before any court or magistrate without counsel to assist him and conduct his defense, it is the duty of the court or magistrate to inform the defendant he is entitled to counsel and that counsel will be appointed to represent him if he is not financially able to employ an attorney.

The alleged crime occurred on October 7, 1970. Thereafter, and

until June 6, 1972, Dolack was incarcerated in a Canadian prison. The Canadian Extradition Act, R. S. C. 322, S. 24 provides:

"A fugitive who has been accused of an offense within the Canadian jurisdiction, not being the offense for which his surrender is asked, or who is undergoing sentence under conviction in Canada, shall not be surrendered until after he has been discharged, whether by acquittal or by expiration of his sentence, or otherwise."

Upon being released by Canadian authorities, Dolack was in custody of federal officials awaiting prosecution. Shortly after he was sentenced to the federal penitentiary in October 1972, the state lodged a detainer with the warden. Between the date when he learned of the Kansas charges in August 1972, and his letter in January 1973, demanding a speedy trial, Dolack did nothing to bring about a disposition of those charges. As between state and federal courts, the court first obtaining jurisdiction over the accused retains it until exhausted. This right of priority may be waived, as under Agreement on Detainers, and jurisdiction of either the federal or the state court to try an offender is not affected by the fact that he was in custody of the other court before being turned over for prosecution. (22 C. J. S., Criminal Law, § 145, p. 384.) While Dolack requested a speedy trial, he declined to proceed under the agreement on Detainers, although then represented by Kansas counsel appointed by the federal court.

On April 4, 1973, the Johnson County officials were notified of Dolack's refusal to invoke the Agreement on Detainers. Concurrent with all of this, and on April 2, 1973, Dolack wrote the Magistrate court of Johnson County and requested that counsel be appointed to assist in his defense. He was then confined in the federal penitentiary. His letter attempted to re-create the situation with the Magistrate which he had created in his letter to the chief judge of the United States District Court for the District of Kansas, and which had been so useful to him. In any event, on June 11, 1973, the same day that temporary custody was obtained of Dolack by state authorities, solely through their efforts, counsel was appointed by the Magistrate court to represent him. Counsel's motion to dismiss the charges against Dolack—then pending in the Magistrate court—was sustained, and the charges against him were dismissed on June 29, 1973. That ended the processes under the Agreement on Detainers and the state's first case against Dolack passed in to oblivion.

As indicated, after dismissal of the federal indictment, Dolack

was arrested on October 16, 1973, on the charges involved in this appeal. He was brought before the Magistrate court of Johnson County on the same day and counsel was appointed to represent him. Thus, in every stage of the proceedings against him in the state courts, Dolack was provided with the assistance of counsel and investigative assistance. (K. S. A. 22-4508.) In addition, he was given access to the Johnson County law library two hours a day except Saturdays, Sundays and holidays so that he might assist his court appointed counsel. Clearly, Dolack was timely provided with the assistance of counsel in every stage of the proceedings against him. There was no violation of his right to counsel under K. S. A. 22-4503.

Finally, the state contends Dolack was not denied his right to due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Section 10 of the Bill of Rights of the Constitution of Kansas.

The record on appeal has been fully reviewed, and we find Dolack has not been denied his right to due process of law. The chronology of facts previously set out clearly indicate a large part of the delay incident to this case has been occasioned by Dolack's actions, not by the state. (*Roy v. State*, 213 Kan. 30, 514 P. 2d 832.) See, also, *State v. Yanich*, 110 Ariz. 172, 516 P. 2d 308.

The district court, somewhat haltingly, identified the passage of time as the detriment to the defense. While some three years and six weeks expired between October 12, 1970, the day the initial complaint was filed, and Dolack's arraignment before the district court on November 28, 1973, approximately three years of that time was involved in Canadian and United States government custody of Dolack. As indicated, Dolack tested the water with his letter of January 23, 1973, but declined to come under the Agreement on Detainers. In addition, whatever Dolack might wish to discover about witnesses whose names were endorsed on the information, the fact remains he has been confronted with witnesses at the federal trial, and has confronted the witnesses at the preliminary hearing in the instant matter. Nor, as previously indicated, can it be said that the failure of Kansas authorities to attempt to extradite Dolack from a Canadian prison was a denial of due process. We are of the opinion that any claim Dolack purports to make with respect to a denial of due process of law comes as an unsubstantiated whisper. Moreover, the record suggests the pattern of events is not indicative of any intent on Dolack's part to have himself brought

to trial. In addition, his reliance on *State v. Otero*, supra, is not well taken since the opinion expressly states the Agreement on Detainers was not effective during any part of the delay there involved.

Before concluding, we note again the district court's failure to make findings of fact and conclusions of law pursuant to Rule 116 of this court and K. S. A. 60-252, when it sustained Dolack's motion to dismiss the information on January 2, 1974. In so doing, we are asked to give appropriate weight to a bare conclusion illuminated by the standard that the district court found all matters to be "intellectually stimulating." Stimulating or not, this case represents the efforts of a sovereignty to bring an accused to trial for a crime alleged to have occurred, and should be handled with appropriate gravity and appropriate findings. The presiding judge of tenth judicial district is directed to reassign this case to another judge of that district for trial upon the merits in accordance with the views expressed in this opinion. Further comment on this matter is not necessary.

It is abundantly clear that such findings and conclusions would have been most helpful to this court in reviewing this appeal. The complexity of the facts attending this litigation warrants, we believe, an admonition for the court's failure to clearly delineate its findings and conclusions. This is not a case upon which the guilt or innocence of an accused was tried to the district court and the case of *State v. Scott*, 201 Kan. 134, 439 P. 2d 78, is not in point.

The judgment of the district court sustaining Dolack's motion to dismiss the information is reversed, and the cause is remanded to the district court with directions to restore this case to the trial docket and proceed forthwith with a trial upon the merits. It is so ordered.

FROMME, J., not participating.