No. 51,146

STATE OF KANSAS, *Appellee*, v. CLAY C. WARD, *Appellant*.

(608 P.2d 1351)

Opinion filed April 5, 1980.

*Jerry L. Berg*, of Wichita, argued the cause and was on the brief for the appellant.

*Beverly Dempsey*, assistant district attorney, argued the cause and *Robert T. Stephan*, attorney general, and *Vern Miller*, district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by defendant Clay C. Ward from a jury conviction of aggravated robbery (K.S.A. 21-3427) from the district court of Sedgwick County.

The facts are not in issue. On July 19, 1978, defendant and a companion, Glenn H. Haley, accompanied by his wife, Jean Haley, were driven to Consumer's Pharmacy at 1035 North Emporia, Wichita, by Steven A. Morgan. Another man, Michael Harris, was also involved in the planning of the robbery but did not participate in the actual event. Upon arriving at the pharmacy, Morgan parked the car on a lot adjacent to the store. Haley went

inside and asked the pharmacist to recommend some vitamins. He then left and returned with the defendant. Ward announced "this is a robbery" and said he had a gun which would "go off." He used a .410 pistol which he held on the pharmacists and demanded the following drugs: Dilaudid, Demerol, Quaalude and Preludin. In addition to the pharmacists, two other employees were present during the robbery. Ward and Haley stuck the pills in their pockets and ran. Wichita police detectives were in the process of a stake-out at Haley's residence, 855 South Broadway when they received the word to apprehend the suspects. Within an hour, all of the participants were arrested and returned to the pharmacy for identification.

All three men were charged with aggravated robbery on July 20, 1978. Haley and Morgan subsequently testified for the State at trial and their charges were reduced. Ward was convicted and the court found he used a firearm in the commission of the crime, contrary to K.S.A. 1978 Supp. 21-4618. Ward was sentenced to serve not less than ten years to life pursuant to K.S.A. 21-3427 and K.S.A. 21-4501(b).

The defendant was declared indigent and Robert Mitchell was appointed to represent him. On September 6, 1978, a preliminary hearing was held after which the defendant was bound over for trial. Defendant was arraigned on September 20, 1978. Thereafter on October 5, 1978, Ward filed notice of his defense of insanity and requested a psychiatric examination. The trial court failed to respond to the motion, but on October 20, 1978, ordered testing to determine defendant's competency to stand trial. On November 30, 1978, the court determined Ward was competent to stand trial and at the same time allowed Robert Mitchell to withdraw as defendant's attorney. Edward Hund was appointed as replacement counsel and the case was scheduled for trial on December 11, 1978.

On December 11, 1978, defendant's attorney, Hund, obtained a continuance to December 26, 1978, in order to acquaint himself with the case. On December 26, 1978, the court continued the case to January 8, 1979, on its own motion. Hund was allowed to withdraw from the case on December 29, 1978, and Dan Garrity was appointed as defendant's attorney. Each time his attorneys requested leave to withdraw, Ward filed pro se motions objecting to the withdrawal. Thereafter, defendant's attorney, Garrity, re-

quested and obtained consecutive continuances of two weeks each on January 8, January 22, February 5, February 20 and March 5, 1979. The defendant objected to most of the continuances in spite of his attorney having made the request. There was evidence the last three continuances were for the purpose of obtaining a psychiatric examination and report in support of the insanity plea, previously filed. Finally, the trial was commenced on March 19, 1979, approximately 180 days after arraignment, during which time Ward had been held in jail, unable to make bond.

The defendant contends he was denied his statutory right to a speedy trial under K.S.A. 1979 Supp. 22-3402(1) and his constitutional right to a speedy trial guaranteed under the Sixth Amendment to the U.S. Constitution and Section 10 of the Bill of Rights of the Kansas Constitution.

K.S.A. 1979 Supp. 22-3402 provides:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

    (a) The defendant is incompetent to stand trial;

    (b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section;

    (c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety (90) days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety (90) days, and the trial is commenced within one hundred twenty (120) days from the original trial date;

    (d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground.

"(4) In the event a mistrial is declared or a conviction is reversed on appeal to the supreme court or court of appeals, the time limitations provided for herein shall commence to run from the date the mistrial is declared or the date the mandate of the supreme court or court of appeals is filed in the district court."

Ward acknowledges all but the December 26th continuance were requested by his attorneys but he argues the time his first two attorneys spent familiarizing themselves with the case, the time spent after they withdrew and the continuances requested by his third attorney should not be charged to him because he objected to the withdrawal of the first two attorneys and, at least on two specified occasions, he objected to continuances requested by his third attorney. Defendant argues his pro se statements objecting to the withdrawal of his attorneys and to the continuances rise to the level of a clear disagreement between Ward and his attorneys about when to proceed to trial. Defendant argues the timing of trial should be a decision left solely to the defendant, rather than his attorney.

In *State v. Ames,* 222 Kan. 88, 100, 563 P.2d 1034 (1977), this court stated:

"An indigent accused has a right to either appointed counsel or *pro se* representation, but both rights cannot simultaneously be asserted. [Citations omitted.] A defendant who accepts counsel has no right to conduct his own trial or dictate the procedural course of his representation by counsel."

In *Winter v. State,* 210 Kan. 597, Syl. ¶¶ 1, 2, 502 P.2d 733 (1972), we stated:

"In the control and direction of a criminal case certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (1) what plea to enter; (2) whether to waive jury trial; and (3) whether to testify in his own behalf.

"In the conduct of the defense of a criminal case the technical and professional decisions, which require trained professional skill and judgment, must rest with the lawyer. The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client."

See *State v. Nixon,* 223 Kan. 788, 796, 576 P.2d 691 (1978); ABA Standards for Criminal Justice, Defense Function, § 5.2 (1971). It is clear defendant wanted appointed counsel but he wanted his counsel to conduct the trial according to his instructions. The record reveals defendant's first two attorneys withdrew because

of this continued interference with the direction of the defense. Both attorneys explained to the court they had had disagreements with the defendant over the development of a defense to the charges and each believed his further involvement in the case could provoke questionable ethical considerations. Defendant's reliance upon an insanity defense caused the last two continuances to which he objects. A defense is worthless without supporting evidence and the delays were for the purpose of obtaining the needed evaluation. The matter of preparation and date of the trial and the type of defense relied upon are clearly strategical and tactical decisions which require trained professional skill and judgment which must rest with the lawyer. All of the delays except one are the result of the application of the defendant through his attorney or the fault of the defendant himself. The one delay not chargeable to the defendant was the court's continuance from December 26, 1978, to January 8, 1979, to avoid calling a jury during the Christmas holiday. Though continuing a jury trial past the holiday season cannot always be justified where a defendant is in jail pending trial, under the facts in this case it was appropriate considering the constant shifting of defense counsel and the fact that the two week delay taken by the trial court would not have extended the trial beyond ninety days but for the continuances charged to the defendant. This court stated in *State v. Cuezze, Houston & Faltico,* 225 Kan. 274, 278, 589 P.2d 626 (1979):

"Delays which are the result of the application or the fault of the defendant are not to be counted in computing the statutory period."

See *State v. Warren,* 224 Kan. 454, 456, 580 P.2d 1336 (1978). The delays in this case did not violate the statutory right to a speedy trial.

The defendant next contends the delays in his trial violate his constitutional right to a speedy trial. We are dealing with the Sixth Amendment of the U.S. Constitution, which states:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense."

The right is also guaranteed under the Kansas Constitution in Section 10 of the Bill of Rights, which states:

"In all prosecutions, the accused shall be allowed to appear and defend in person, or by counsel; to demand the nature and cause of the accusation against him; to meet the witness face to face, and to have compulsory process to compel the attendance of the witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. No person shall be a witness against himself, or be twice put in jeopardy for the same offense."

The factors to be considered in a claim of denial of a constitutional guaranty of a speedy trial were set forth in *Barker v. Wingo*, 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), and were first adopted in Kansas in *State v. Otero*, 210 Kan. 530, 532-533, 502 P.2d 763 (1972):

"In that case [*Barker v. Wingo*] the supreme court fathered the thought that there is more than one criterion for determining whether an accused has been deprived of or has been accorded a speedy trial; that the true test rests not alone on the length of time transpiring after charges have been filed or on whether demand for trial has been made. Rather, opined the august court, the approach to the problem is a balancing test in which the conduct of both prosecution and accused is to be weighed. This approach suggests an *ad hoc* basis in which various factors are to be taken into account.

"*Barker* identifies four factors entitled to consideration, although the list is obviously not intended to be exclusive: Length of the delay, reason for the delay, the defendant's assertion of his rights and prejudice resulting to the defendant. A discussion by the court of the four factors named by it is to be found in *Barker* but the same need not be repeated here. The opinion is readily accessible to every reader who may be interested in the reasoning on which the decision rests."

See *State v. Wilson,* 227 Kan. 619, 608 P.2d 1344 (1980); *State v. Cuezze, Houston & Faltico,* 225 Kan. 274; *State v. Smith & Miller,* 224 Kan. 662, 585 P.2d 1006 (1978), *modified* 225 Kan. 199, 588 P.2d 953, *cert. denied* 441 U.S. 964 (1979); *State v. Clark,* 222 Kan. 65, 563 P.2d 1028 (1977); *State v. Fennell,* 218 Kan. 170, 542 P.2d 686 (1975); *State v. Fink,* 217 Kan. 671, 538 P.2d 1390 (1975); *State v. Dolack,* 216 Kan. 622, 533 P.2d 1282 (1975); *State v. Smith,* 215 Kan. 34, 523 P.2d 691 (1974); *State v. Hemminger,* 210 Kan. 587, 502 P.2d 791 (1972); *State v. Taylor,* 3 Kan. App. 2d 316, 594 P.2d 262 (1979). Defendant contends the length of the delay, (243 days from arrest to trial), the reason for the delay, (withdrawal of counsel for no reason over defendant's objections), defendant's assertion of his rights, (statements on February 20, 1979, and March 5, 1979) and resulting prejudice in

the form of being forced to remain incarcerated, disruption of family life and hindrance in ability to gather evidence, contact witnesses and otherwise prepare his case, all fall within the four areas discussed in *Barker v. Wingo.* The Kansas Court of Appeals considered the constitutional guaranty of a speedy trial in *State v. Taylor,* 3 Kan. App. 2d 316, Syl. ¶ 5, and stated:

"The constitutional guaranty of a speedy trial attaches when one becomes accused and the criminal prosecution begins."

That court held that one hundred eighty days' delay from arrest to trial was not a violation of the guaranty because it was not a deliberate attempt to undermine the defense. In *State v. Smith & Miller,* 224 Kan. 662, a five month delay elapsed between arrest and informing defendants of the charges brought against them. Defendants had been in federal custody during that time. We held they were not denied a speedy trial. In *State v. Smith,* 215 Kan. 34, the defendant claimed he was denied his constitutional right to a speedy trial because of an eight month delay from arrest to trial. We held that hospitalization of the victim and the competency determination of the defendant were sufficient justification for the delay and not a denial of a speedy trial. Bearing in mind the standards enunciated in *State v. Otero,* 210 Kan. 530, that of balancing the conduct of both prosecution and accused, we hold the defendant was not denied a speedy trial. The second issue is without merit.

We have considered all of the points raised in defendant's brief and at oral argument and find them without merit. The judgment of the trial court is affirmed.