No. 54,980

STATE OF KANSAS, *Appellant,* v. CRAIG ROSINE, *Appellee.*

No. 55,006

STATE OF KANSAS, *Appellee,* v. DANIEL SCOTT, *Appellant.*

(664 P.2d 852)

Opinion filed June 10, 1983.

*Gene M. Olander,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the State of Kansas.

*Kenneth Carpenter,* of Carpenter & Carpenter, of Topeka, argued the cause and was on the brief for Craig Rosine and Daniel Scott.

The opinion of the court was delivered by

McFARLAND, J.: The issues in these consolidated criminal appeals concern constitutional (Sixth Amendment, United States Constitution, and Section Ten, Kansas Constitution Bill of Rights) and statutory (K.S.A. 22-3402) speedy trial rights in misdemeanor cases.

Of necessity, the facts as to each appeal will be set forth separately.

SCOTT

The parties have stipulated Daniel S. Scott, on September 16, 1981, was arrested for misdemeanor possession of marijuana

(K.S.A. 65-4127b). The record indicates the actual arrest date was September 26, 1981. Pursuant to Shawnee County's K.S.A. 22-2814 bond program, Scott was released the same date upon executing a $500 own recognizance (O.R.) bond. The bond designated a first appearance date of November 25, 1981. Scott duly appeared on that date, but no complaint had been filed. On December 8, 1981, pursuant to the Third Judicial District's court procedure, the clerk discharged the bond.

On January 29, 1982, a complaint was filed and a warrant issued for Scott's arrest. The arrest was made on April 21, 1982. The same day defendant was brought before the district court, formally arraigned, and released upon executing a $500 O.R. bond.

On June 7, 1982, the day of trial, defense counsel moved to dismiss the charge for violation of defendant's constitutional right to speedy trial (Sixth Amendment, United States Constitution, and Section Ten, Kansas Constitution Bill of Rights). The motion to dismiss expressly stated:

"This motion by defendant is not based upon [K.S.A. 22-3402], the defendant's statutory right to a speedy trial. The defendant herein asserts his constitutional rights under both Federal and State Constitutions."

The trial court took the motion under advisement and proceeded with a bench trial. Scott was found guilty of possession of marijuana. Sentencing was deferred pending determination of the motion to dismiss.

On September 16, 1982, the trial court issued a lengthy memorandum decision wherein it held:

(1) Defendant's constitutional rights to speedy trial had not been violated;

(2) For statutory speedy trial purposes (K.S.A. 22-3402), defendant's arraignment had occurred on November 25, 1981, the appearance date set on the initial O.R. bond; and

(3) Defendant's statutory speedy trial right had not been violated as the trial was held within 180 days from November 25, 1981.

Defendant was sentenced on September 17, 1982. Defendant appeals from the district court's order of September 16, 1982, overruling his motion to dismiss.

ROSINE

On September 7, 1981, Craig D. Rosine was arrested for misdemeanor possession of marijuana (K.S.A. 65-4127b). Pursuant to Shawnee County's K.S.A. 22-2814 bond program, Rosine was released the same day upon executing an O.R. bond. The parties have stipulated the bond directed Rosine to appear in court on October 29, 1981. No complaint having been filed, the bond was discharged by the clerk pursuant to established court procedure in December, 1981.

On April 2, 1982, a complaint was filed and a warrant was issued for Rosine's arrest. On April 14, 1982, Rosine was arrested and released upon filing a $500 O.R. bond. The first court appearance was set for April 22, 1982. On that date arraignment was had and the trial was scheduled for June 30, 1982.

On the day of trial, defense counsel moved to dismiss the charge for violation of defendant's constitutional right to speedy trial. In his oral motion, defense counsel stated:

"I believe that this matter should be discharged. That the defendant should be discharged from the charges based upon his denial of right to speedy trial based upon his *constitutional* rights. *Not based upon the statutory proceedings afforded by this time.* I have the statute. K.S.A.—that's the bonding statute. Well, based upon the normal 180-days' worth of time on the bond under the statutory—

"THE COURT: You are not making a claim now?

"MR. CARPENTER: *Not as to the statutory right.* Well within the 180 days that he was arrested the second time of this time which would be approximately the end of April until the end of June." (Emphasis supplied.)

The district court took the motion under advisement and the bench trial proceeded. Defendant was found guilty of possession of marijuana. Sentencing was deferred pending determination of the motion to dismiss.

On September 16, 1982, based on its decision filed the same date relative to Daniel S. Scott, the trial court held:

(1) For statutory speedy trial purposes (K.S.A. 22-3402) defendant's arraignment occurred on November 5, 1981, the appearance date set on the initial O.R. bond;

(2) Defendant's statutory speedy trial right had been violated as trial was not held within 180 days from November 5, 1981; and

(3) The complaint should be dismissed.

The State appeals from said dismissal.

Although not a part of the record from the district court in these appeals, the State, at oral argument before us, advised the delay

in each case between initial arrest and the filing of the complaint was occasioned by the district attorney's policy not to file a complaint until it is in receipt of a report from the K.B.I. chemist verifying the seized contraband is, in fact, marijuana. Apparently the K.B.I. laboratory was backlogged during the time in question and such drug analyses were frequently subjected to this type of delay.

We turn now to the first issue.

## CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

At the onset it should be noted that while the trial court expressly found Scott's constitutional right to a speedy trial had not been violated, no specific determination on this issue is contained in the trial court's Rosine memorandum opinion. The trial court did, however, refer to the simultaneously filed Scott opinion in the Rosine opinion and attached a copy thereof to the Rosine opinion. Further, the constitutional speedy trial question was the only issue raised in either motion. The statutory speedy trial issue was engrafted onto the defendants' motions by the trial court at some point after the motions were taken under advisement. On appeal, the parties treat the Rosine constitutional speedy trial issue as having been determined by the trial court adversely to Rosine. Further, the rationale of the trial court in the Scott opinion concerning the constitutional issue would indicate the same result would have been reached as to Rosine. Under the circumstances, we shall proceed on the basis the trial court found the constitutional speedy trial rights of both defendants had not been violated.

The Sixth Amendment to the United States Constitution, as pertinent here, provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."

Section Ten of the Kansas Constitution Bill of Rights similarly proclaims:

"In all prosecutions, the accused shall be allowed . . . a speedy public trial . . . ."

The leading United States Supreme Court case on the right to speedy trial is *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972). In *Barker* more than five years elapsed between defendant's arrest and trial. The United States Supreme

Court adopted a case-by-case flexible approach for determining whether an accused's constitutional right to a speedy trial had been violated, stating:

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." 407 U.S. at 530.

Less than five months after *Barker* we adopted the *Barker* four-point analysis in *State v. Otero,* 210 Kan. 530, 502 P.2d 763 (1972). In *Otero* there was nearly an eight-year delay between charges being filed and trial. The court found this delay violated defendant's right to a speedy trial and reversed his conviction. Since *Otero* the *Barker* analysis has been applied a number of times by Kansas appellate courts. *E.g., State v. Calderon,* 233 Kan. 87, 94, 661 P.2d 781 (1983); *State v. Hunt,* 8 Kan. App. 2d 162, 167, 651 P.2d 967 (1982); *Williams v. Darr,* 4 Kan. App. 2d 178, 182-83, 603 P.2d 1021 (1979); *State v. Wilson,* 227 Kan. 619, Syl. ¶ 2, 608 P.2d 1344 (1980); *State v. Ward,* 227 Kan. 663, Syl. ¶ 4, 608 P.2d 1351 (1980); *State v. Taylor,* 3 Kan. App. 2d 316, 321-22, 594 P.2d 262 (1979); *State v. Cuezze, Houston & Faltico,* 225 Kan. 274, 589 P.2d 626 (1979); *State v. Fink,* 217 Kan. 671, Syl. ¶ 4, 538 P.2d 1390 (1975); *State v. Smith,* 215 Kan. 34, 40, 523 P.2d 691 (1974); and *State v. Hemminger,* 210 Kan. 587, 593, 502 P.2d 791 (1972).

As to the first factor, length of delay, 254 days elapsed between Scott's initial arrest and trial while 296 days elapsed between Rosine's initial arrest and trial.

In *State v. Calderon,* 233 Kan. 87, the court found a thirteen-month delay between the time defendant was charged and brought to trial did not violate his constitutional right to a speedy trial. In *State v. Ward,* 227 Kan. 663, the court affirmed a conviction where there had been a 243-day lapse between arrest and trial. A similar result was reached in *State v. Wilson,* 227 Kan. 619, where a three-year period existed between arrest and trial. *State v. Dolack,* 216 Kan. 622, 636, 533 P.2d 1282 (1975), found no abridgment of constitutional rights where more than

three years passed. *State v. Hemminger,* 210 Kan. 587, reached a like result with over four years. In *Barker v. Wingo,* 407 U.S. 514, the U.S. Supreme Court found no violation of defendant's constitutional right to a speedy trial where more than five years passed between his arrest and trial. Recently, in *State v. Hunt,* 8 Kan. App. 2d 162, where exactly one year passed between arrest and trial, the Court of Appeals held such a delay was not per se unreasonable. 8 Kan. App. 2d at 168.

The delay in each case herein is clearly not presumptively prejudicial as enunciated by *Barker v. Wingo,* 407 U.S. 514, and hence there is no necessity for inquiry into the other factors that go into the balancing test. However, we do note that no unreasonable conduct by the State has been shown and that neither defendant contends he was prejudiced by the delay.

We conclude the constitutional right to speedy trial has not been violated as to either defendant.

### STATUTORY RIGHT TO SPEEDY TRIAL

K.S.A. 22-3402(2) provides:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person.shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

The trial court concluded, for purposes of K.S.A. 22-3402(2), defendants' arraignments occurred on November 25, 1981 (Scott), and November 5, 1981 (Rosine), the dates they were directed to appear on their initial O.R. bonds—despite the fact no complaint was filed against Scott until January 29, 1982, or against Rosine until April 2, 1982.

In K.S.A. 22-2202(2) arraignment is defined as follows:

"(2) 'Arraignment' means the formal act of calling the defendant before a court having jurisdiction to impose sentence for the offense charged, informing said defendant of the offense with which said defendant is charged, and asking said defendant whether he or she is guilty or not guilty."

K.S.A. 22-3205 outlines the procedure for arraignment as follows:

"Arraignment shall be conducted in open court and shall consist of reading the complaint, information or indictment to the defendant or stating to him the substance of the charge and calling upon him to plead thereto. He shall be given

a copy of the indictment or information before he is called upon to plead. If the crime charged is a felony, the defendant must be personally present for arraignment; if a misdemeanor, he may with the approval of the court, appear by counsel. The court may direct any officer who has custody of the defendant to bring him before the court to be arraigned."

It is clear that Scott's and Rosine's court appearances on November 25, 1981, and November 5, 1981, respectively, wholly lacked the essential elements of an arraignment. No complaint was read to either defendant as no complaint existed. For like reason, no copy of the complaint could have been handed to either defendant. Further, there was no complaint on which to base a plea. The existence of a complaint, information or indictment filed against a defendant is a fundamental prerequisite to an arraignment.

In *State v. Taylor,* 3 Kan. App. 2d 316, the Court of Appeals stated:

"The arraignment in a criminal proceeding is the formal act of calling the defendant before a court having jurisdiction to impose sentence for the offense charged, informing the defendant of the offense charged by reading the complaint, information or indictment or stating to him the substance of the charge, and asking defendant whether he is guilty or not guilty or to otherwise plead as permissible by law." Syl. ¶ 1.

Further:

"The date of arraignment controls application of K.S.A. 1978 Supp. 22-3402(1) in both felony and misdemeanor cases." 3 Kan. App. 2d at 320.

Scott was arraigned on April 21, 1981. As noted in defense counsel's brief:

"Thus, the constitutional guarantee attached to the defendant upon his arrest on September 16 [26], 1981, even though *the statutory right did not attach until his arraignment on April 21, 1982 before Judge Carpenter on his second arrest.*" (Emphasis supplied.)

Rosine was arraigned on April 22, 1982. The statutory speedy trial (K.S.A. 22-3402) clock commenced to run on April 21, 1982, as to Scott and on April 22, 1982, as to Rosine. Their respective June 7, 1982, and June 30, 1982, trials were well within the 180-day period prescribed by K.S.A. 22-3402(2).

Although erroneously finding defendant Scott's arraignment had occurred on November 25, 1981, the trial court concluded defendant Scott's statutory right to speedy trial had not been violated. We agree with the trial court's ultimate conclusion that

Scott's statutory right to speedy trial (K.S.A. 22-3402[2]) had not been violated.

As to defendant Rosine, we conclude the trial court erred in finding said defendant's statutory right of speedy trial (K.S.A. 22-3402[2]) had been violated and in dismissing the complaint.

The judgment in *State v. Scott* (55,006) is affirmed. The judgment in *State v. Rosine* (54,980) is reversed with directions to reinstate the conviction and proceed with sentencing.