Henry John DOLACK, Appellant,
Cross-Appellee,

v.

Fred ALLENBRAND, Sheriff of Johnson
County, Kansas, et al., Appellees,
Cross-Appellants.

Nos. 76–1392, 76–1393.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 20, 1976.

Decided Jan. 24, 1977.

David J. Waxse of Payne & Jones, Olathe, Kan., for appellant, cross-appellee.

Roger M. Theis, Asst. Atty. Gen., Topeka (Curt T. Schneider, Atty. Gen. of Kan., Topeka, Kan., with him on the brief), for appellees, cross-appellants.

Before LEWIS, Chief Judge, and BREIT-ENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a dismissal of appellant's petition for a writ of habeas corpus.

The petitioner is being held for trial on charges by the State of Kansas. The Kansas trial court held, in substance, in pretrial proceedings, that petitioner's rights had been violated by a failure to promptly appoint an attorney to defend him. The Kansas Supreme Court, however, reversed and remanded the case for trial. *State v. Dolack*, 216 Kan. 622, 533 P.2d 1282. The petitioner then filed this proceeding, seeking to be released from state custody and to prevent a trial by the State of Kansas.

This court, in *United States v. Dolack*, 484 F.2d 528 (10th Cir.), held in an appeal from a conviction on federal charges that Dolack's rights had been violated by a failure to appoint an attorney to defend him at the proper time. The case was reversed

with directions to dismiss the federal charges. Upon the remand, and the dismissal, the State of Kansas commenced prosecution of Dolack on state charges based upon the same incident which gave rise to the federal charges.

An evidentiary hearing was had in the federal trial court on the two basic issues in the petition. The first issue was the effect of the delay in appointing an attorney to represent petitioner in the defense of the federal criminal charges which grew out of the same incident upon which the pending state charges are based. The second, and related, issue concerned the delay by the state in bringing petitioner to trial.

The federal trial court here ruled that the delay in appointing counsel in the federal prosecution did not so prejudice petitioner as to deny him due process in the state proceedings. Also the court ruled that there was no violation of petitioner's rights to a speedy trial as the state had made a good faith effort to bring him to trial. The trial court thus disposed of the petition on the merits.

The Kansas Supreme Court in *State v. Dolack*, 216 Kan. 622, 533 P.2d 1282, referred to above, considered the basic constitutional issues here presented. The Kansas Supreme Court, on the assistance of counsel issue, used as the "starting date" October 16, 1973, which was the date upon which petitioner was taken into state custody following the dismissal of federal charges. As indicated, the state court found no denial of counsel. The state court thus used the date of physical custody over petitioner rather than a time some three years prior thereto when the state charges were filed and an arrest warrant was issued. The state knew a short time thereafter that the petitioner was incarcerated in Canada. The federal authorities had the same information. *See United States v. Dolack*, 484 F.2d 528 (10th Cir.), for the factors considered by this court as to the federal charges.

It is apparent that most of the elements evaluated by the Kansas Supreme Court were the same as considered in *United States v. Dolack*. However, as indicated above, the Kansas court used the date the petitioner passed into state custody, and measured the promptness of state appointment of counsel against that date. The state court also considered the statutory provision for counsel set forth in Kansas Statutes Anno., § 22–4503. This state statute is also a factor to be considered by the Kansas trial court on remand.

As described above, the prosecution of petitioner on the state charges is pending in the Kansas trial court upon remand by the Kansas Supreme Court. The state trial court is thus directed to proceed, and the defendant therein seeks to forestall state prosecution by this petition for a writ of habeas corpus.

Defendants in the state courts in the several cases hereinafter considered have attempted to prevent state prosecution or have sought to have the state start its prosecution to so resolve pending charges. Some of these cases were commenced by petitions for writs of habeas corpus and some as actions seeking injunctive relief. The basic considerations exist in both types of action, although injunctive relief is, of course, limited by statute, 28 U.S.C. § 2283, and by basic equitable requirements.

Again, in short, the petitioner is the subject of an ongoing prosecution in Kansas. After consideration of some pretrial motions, the state Supreme Court remanded the case for trial. The state prosecution arose from a single incident and there has been no prior state trial on the charges. There is no showing that the prosecution is in bad faith or in an attempt to harass the defendant. There are involved federal constitutional issues, and the applicability of a state statute relative to the appointment of counsel. The petitioner asserts his innocence, and thus that he should be acquitted.

In the above paragraph, the basic procedural status is summarized. However, this appeal presents several substantial variations from the usual pretrial petition in a federal court seeking to forestall state prosecution.

These variations have been alluded to at the outset, but they should be restated in

this analysis of the factors described in the several opinions which are significant in reaching a solution. Thus this case is unusual in that there was a trial on *federal* charges with the disposition of the constitutional issues there arising by this court, *United States v. Dolack,* 484 F.2d 528 (10th Cir.); the prosecution on state charges based on the same incident which gave rise to the federal charges; the state pretrial proceedings with the disposition made by the state trial court; the reversal by the state Supreme Court and remand for trial, *State v. Dolack,* 216 Kan. 622, 533 P.2d 1282. The opinions in the federal and state appeals give a complete description of the facts and the issues considered. This need not be repeated here. It is sufficient to point out that the basic difference from the federal case in result reached by the Kansas Supreme Court from the material it had before it came about from the different starting time used by the state Supreme Court in considering the promptness in appointing counsel. The guilt or innocence of petitioner, the application of a starting time by the state trial court, and the determination of the pertinent facts by trial have, of course, not been made by the state.

Our initial determination must be whether or not the variations described above are sufficient to take the case out of the application of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868, and the related cases.

Of course, *Younger v. Harris* was an injunctive proceeding, and the equity requirements and statutory restrictions were discussed at some length; however, we do not attach great significance to the nature of the action there or here. The Court said:

"... This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions . . . ."

And:

"... What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. . . ."

The Court there cited and quoted *Fenner v. Boykin,* 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927.

The basic holding in *Younger* is as stated by the Court:

"... Here a proceeding was already pending in the state court, affording Harris an opportunity to raise his constitutional claims. There is no suggestion that this single prosecution against Harris is brought in bad faith or is only one of a series of repeated prosecutions to which he will be subjected. In other words, the injury that Harris faces is solely 'that incidental to every criminal proceeding brought lawfully and in good faith,' *Douglas, supra* [*Douglas v. City of Jeannette,* 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324], and therefore under the settled doctrine we have already described he is not entitled to equitable relief 'even if such statutes are unconstitutional,' *Buck, supra* [*Watson v. Buck,* 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416]."

The Court thereafter discussed, distinguished, and limited *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22. *Younger* and *Ex Parte Royall* are considered to have laid down the requirement that "special circumstances" must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings.

The Court in *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443, was concerned with the attempts of a state prisoner to have state charges against him tried although he was incarcerated in another jurisdiction. The prisoner made application for a federal

writ of habeas corpus, asserting that he was being denied the right to a speedy trial. The Court considered the "exhaustion doctrine," and found that the petitioner had exhausted state remedies. The *Braden* opinion is very significant, and it is so as to our problem by reason of statements therein as to its limitations. For example, the majority said:

". . . It is also true, as our Brother REHNQUIST points out in dissent, that federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Ex parte Royall,* 117 U.S. 241, 253 [6 S.Ct. 734, 741, 29 L.Ed. 868] (1886). Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial."

The purpose sought to be obtained by the petitioner in *Braden* was most important, and must be contrasted to the purpose sought to be obtained by petitioner here. The dissenting opinion in *Braden* also said:

". . . The judicial approach set forth in *Ex parte Royall*—that federal courts should not, absent extraordinary circumstances, interfere with the judicial administration and process of state courts prior to trial and conviction, even though the state prisoner claims that he is held in violation of the Constitution—has been consistently followed. (Citing cases)."

The Court in *Braden* held that the writ would lie, but the limitations in *Braden* must also be taken at face value. We also take the basic purpose sought by the petitioner in *Braden,* that is, to be tried, to be determinative. Thus as was said in *Drury v. Cox,* 457 F.2d 764 (9th Cir.), and as quoted above:

"Our reading of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough."

*See United States ex rel. Scranton v. State of N.Y.,* 532 F.2d 292 (2d Cir.).

■ It is apparent that in this pretrial proceeding aimed at stopping state prosecution, we do not consider that the exhaustion or nonexhaustion of state remedies is the determinative element. As the Court indicated by *Braden,* exhaustion may be necessary before a writ may issue, but the fact that remedies may have been exhausted does not of itself mandate the granting of relief. Other considerations may be present.

■ There are no "special circumstances" here present to take the case out of the *Younger* doctrine. The trial court found none, and we find none. This court's consideration of and decision as to the federal charges and the constitutional issues does not present "special circumstances." The importance and the need to have the state court determine the guilt or innocence of the petitioner, and to consider in the trial setting the defenses, and the matter of comity override the other considerations. As the Court said in *Younger,* the fact the accused may have to stand trial is not an "irreparable injury," and in this habeas corpus proceeding is not otherwise a sufficient reason. It is obviously a heavy burden, but there is no assertion that the petitioner is not properly charged under a valid statute, and there is no showing of bad faith or harassment. Under these circumstances the petitioner cannot by seeking habeas corpus in the federal courts forestall or "derail" the ongoing state prosecution. As the Court said in *Braden:*

"We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court. The contention in dissent that our decision converts federal habeas corpus into 'a pretrial-motion

forum for state prisoners,' wholly misapprehends today's holding."

It is apparent that petitioner does not lose the eventual opportunity to assert his constitutional rights, although the assertion of such rights may be delayed, in the event the jury finds him guilty.

AFFIRMED.