940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Wakyn S. FERRIS, Petitioner-Appellant,
v.
SECOND JUDICIAL COURT (DR) Judge Ann Kass, Respondent-Appellee.
 No. 91-2017.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Wakyn S. Ferris appeals from the dismissal of his habeas corpus petition without prejudice and the denial of a certificate of probable cause by the federal district court. See 28 U.S.C. Secs. 2254 & 2253. The district court adopted the recommendation of the magistrate judge to dismiss the petition. The magistrate judge determined that, given ongoing state proceedings in this domestic relations matter, no exceptional circumstances existed which would warrant a federal court entertaining petitioner's habeas claims. See Younger v. Harris, 401 U.S. 37, 53-54 (1971) (only bad faith or harassment or other extraordinary circumstances indicating irreparable injury are prerequisite to any federal action to enjoin state criminal proceedings); Ex Parte Royall, 117 U.S. 241, 252 (1886); Dolack v. Allenbrand, 548 F.2d 891, 893-94 (10th Cir.1977). We affirm.
 
 
 2
 Petitioner claims that he was incarcerated for failure to pay child support and failure to appear. I R. doc. 1 at 2. He presents the following facts:
 
 
 3
 The state district court issued an order to show cause why petitioner should not be held in contempt of court [for failure to pay child support]. Petitioner timely filed an affidavit of prejudice for recusal of the trial judge.... The [state] district trial judge refused to recuse herself from the contempt proceedings [for failure to pay child support] and petitioner properly sought writ of prohibition from the state supreme court, which was summarily denied. In a hearing (in which petitioner was absent) the state trial court issued a bench warrant for petitioner's arrest. The state trial court was without jurisdiction to issue the arrest warrant.
 
 
 4
 Petitioner's Form A-11, pt. B at 6, filed Jan. 31, 1991. We construe petitioner's pro se pleadings liberally in accordance with the standards in Hall v. Bellmon, No. 90-6326, slip op. at 6 (10th Cir. June 3, 1991). Petitioner contends that the state district court judge lacked jurisdiction in the underlying child support proceeding; consequently, she lacked jurisdiction to issue an arrest warrant when he failed to appear. Petitioner's Form A-11, pt. B at 7, filed Jan. 31, 1991. He also contends that he is threatened with future civil contempt and custody if the state district judge continues to act without jurisdiction. I R. doc. 4 at 1.
 
 
 5
 Respondent-appellee indicates that no judgment has been entered in the contempt proceeding for failure to appear and that appellant is not in custody. Petitioner filed his petition after being arrested and while in the Bernalillo County Detention Center. The "in custody" requirement of the habeas statute is determined as of the date of filing. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Release sometimes may render a case moot, but it does not affect the in custody determination. McVeigh v. Smith, 872 F.2d 725, 727 (6th Cir.1989). Whether petitioner was incarcerated for failure to appear or for civil contempt for failure to pay child support, it is apparent that he met the "in custody" requirement for habeas jurisdiction. See Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir.1991); Leonard v. Hammond, 804 F.2d 838, 841 (4th Cir.1986). We agree with the Fourth Circuit that petitioner's release does not necessarily moot the civil contempt issue because of the chance of recurrence. Leonard, 804 F.2d at 842-43. On the other hand, petitioner has not demonstrated any collateral consequences from the state district judge issuing a warrant for his arrest based on his failure to appear; we must conclude that this portion of his petition is moot. See Carafas, 391 U.S. at 239; Broughton v. North Carolina, 717 F.2d 147, 148-49 (4th Cir.1983), cert. denied, 466 U.S. 940 (1984).
 
 
 6
 The state district court may sanction a party for failure to appear, see N.M.Stat.Ann. Sec. 34-1-2 (1990 Rep.Pamp.),[1] and it may enforce alimony and child support orders through contempt, see N.M.Stat.Ann. Sec. 40-4-19 (1989 Rep.Pamp.); Corliss v. Corliss, 549 P.2d 1070, 1074 (N.M.1976). Although petitioner unsuccessfully sought a writ of prohibition to disqualify the state trial judge in advance of his incarceration, he has not demonstrated exhaustion of state remedies. See N.M.Stat.Ann. Secs. 39-3-2 (civil appeals), 39-3-15(A) (appeals from contempt orders) (1978). See also Rose v. Lundy, 455 U.S. 509, 522 (1982) (total exhaustion required); Leonard, 804 F.2d at 840-41 (fathers who failed to pay child support and were incarcerated under civil contempt orders had failed to exhaust state remedies). Petitioner has failed to make the requisite substantial showing of the denial of a federal right for the issuance of a certificate of probable cause, see Lozada v. Deeds, 111 S.Ct. 860, 861-62 (1991); accordingly we DENY his motion for a certificate of probable cause, GRANT his motion to proceed in forma pauperis and DISMISS this appeal.
 
 
 7
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The record does not indicate that petitioner has suffered a conviction for criminal contempt based on his failure to appear