F I L E D
United States Court of Appeals
Tenth Circuit

**March 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT MICHAEL GAUNTLETT,

Petitioner-Appellant,

v.

EDWARD C. CUNNINGHAM,
Honorable, Judge of the District Court
for the Twenty-Sixth Judicial District,
in and for Canadian County, State of
Oklahoma; W.A. DREW
EDMONDSON, Attorney General,
State of Oklahoma,

Respondents-Appellees.

No. 05-6065

(W.D. Oklahoma)

(D.C. No. CIV-04-1356-F)

ORDER AND JUDGMENT[*]

Before **HENRY**, **HOLLOWAY**, and **LUCERO**, Circuit Judges.

Robert Michael Gauntlett was charged in a district court in Canadian

County, Oklahoma with forcible sodomy and making a lewd proposal to a child

under the age of sixteen. Mr. Gauntlett filed a motion to quash based on an

alleged violation of the statute of limitations, and the district court denied the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion. On appeal, the Oklahoma Court of Criminal Appeals denied relief.

On October 19, 2004, Mr. Gauntlett filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and a Motion for Order Enjoining State Court Criminal Prosecution in federal district court. On December 29, 2004, the magistrate judge recommended that the federal district court abstain from the state prosecution and dismiss the action without prejudice to refiling, based on the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). The district court adopted the report and recommendation on January 19, 2005, dismissing Mr. Gauntlett's habeas petition without prejudice. He then appealed the dismissal of his habeas petition. On November 30, 2005, this court granted Mr. Gauntlett a limited Certificate of Appealability on the procedural question of *Younger* abstention, and placed the case on the oral argument calendar.

The parties inform us that, after several continuances, Mr. Gauntlett's trial is scheduled to begin next month in the Oklahoma district court.

After oral argument and a careful review of the parties' briefs, we affirm the district court's dismissal of Mr. Gauntlett's habeas petition for substantially the same reasons as set forth in the magistrate judge's very well-reasoned report and recommendation, which is attached to this order. We agree with the magistrate judge and district court that Mr. Gauntlett does not meet one of the three narrow exceptions to *Younger* abstention: (1) "bad faith or harassment," (2)

-2-

prosecution under a statute that is "flagrantly and patently" unconstitutional, or (3) other "extraordinary circumstances" that involve irreparable injury. *Id.* at 50, 53 (quotation marks omitted).

Further, the State has not consented to federal jurisdiction of the matter, as it has consistently argued in the federal district court and on appeal that a federal court should not intervene in Mr. Gauntlett's state criminal prosecution. *See Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626 (1986) (recognizing that "[a] State may of course voluntarily submit to federal jurisdiction even though it might have had a tenable claim for abstention" where "the State expressly urge[s] [the federal court] to proceed to an adjudication of the constitutional merits"). Nor has the state district court sua sponte stayed the proceedings to allow a federal court's resolution of the matter, despite several continuances of the trial by agreement of the parties. *See Sw. Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1178 (10th Cir. 2001) (concluding that "an essential predicate to *Younger* abstention"–"an ongoing state prosecution"–is absent if a state court sua sponte stays its proceedings "in favor of federal resolution of the issues").

Accordingly, we AFFIRM the district court's dismissal of Mr. Gauntlett's Petition for a Writ of Habeas Corpus and his Motion for Order Enjoining State Court Criminal Prosecution. Because we affirm the district court's order

-3-

dismissing the action based on *Younger* abstention, we express no view on Mr.

Gauntlett's argument that the State's prosecution violates the Constitution's Ex

Post Facto Clause in light of *Stogner v. California*, 539 U.S. 607, 610-18 (2003).

This issue should be addressed by the state courts.

Entered for the Court,


Robert Henry
Circuit Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT MICHAEL GAUNTLETT, )
)
Petitioner, )
)
v. ) Case No. CIV-04-1356-F
)
THE HONORABLE EDWARD C. )
CUNNINGHAM, Judge of the District )
Court for the Twenty-Sixth Judicial )
District, in and for Canadian County, )
State of Oklahoma, and W.A. DREW )
EDMONDSON, Attorney General, )
State of Oklahoma, )
)
Respondents. )

## REPORT AND RECOMMENDATION

Mr. Robert Gauntlett faces an ongoing prosecution in state court and he seeks a writ of habeas corpus and injunction against the state criminal proceedings. The Court should abstain, dismissing the present action without prejudice.

BACKGROUND

The State of Oklahoma has charged Mr. Gauntlett with forcible sodomy and making a lewd proposal to a child under sixteen years of age. *See* Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 and Motion for Order Enjoining State Court Criminal Prosecution at p. 2 (Oct. 19, 2004) ("Petition"). Mr. Gauntlett alleges that the statute of limitations has expired on both charges. *Id.* at pp. 12-13. According to the Petitioner, retroactive application of the

existing statute of limitations would violate the *ex post facto* and due process clauses of the federal constitution. *Id.*

ABSTENTION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court stated that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings: (1) are ongoing,[1] (2) offer an adequate forum for the petitioner's federal claims, and (3) implicate important state interests. *Younger v. Harris*, 401 U.S. at 43. Mr. Gauntlett does not challenge the presence of these elements. Instead, he relies on the three exceptions to *Younger* abstention.[2] The exceptions are: (1) "bad faith or harassment," (2) prosecution under a statute that is "'flagrantly and patently" unconstitutional, or (3) other "extraordinary circumstances" involving irreparable injury. *Id.* at 46-55 (1971) (citation omitted). Mr. Gauntlett's reliance on the exceptions is misplaced.

I.      Bad Faith or Harassment

---

[1]      As discussed in the text, abstention is necessary under *Younger* only when the state court proceedings are ongoing. *See supra* text accompanying note. When the state court proceedings have been stayed, *Younger* abstention may be inappropriate. *See Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1177-78 (10th Cir. 2001). The state district court has continued the trial, but not stayed the proceedings. *See* Notice of Continuance of State Court Proceedings (Oct. 28, 2004). Thus, the state court proceedings remain "ongoing" notwithstanding deferral of the trial itself.

[2]      Petition at pp. 17-18.

2

Abstention is unnecessary when the charges were brought in bad faith or to harass the respondent. *See Younger v. Harris*, 401 U.S. 37, 47-49 (1971). Invoking this exception, Mr. Gauntlett points out that the State had brought the same charges in June 1997, dismissed them in May 2001, and refiled them in June 2003. Petitioner's Reply to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus at pp. 2-4 (Dec. 14, 2004) ("Petitioner's Reply"). But to prevail on the exception, Mr. Gauntlett must demonstrate that he has faced "a substantial number of prosecutions and that a reasonable prosecutor would not have brought such multiple charges under similar circumstances." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995). And "[w]hile the threshold test does not require a specific number of prosecutions, it is clear that the number of prosecutions must reach an oppressive level." *Id.*

Mr. Gauntlett has admittedly faced the same charges only once before. Thus, the Petitioner has not satisfied his heavy burden of showing harassment through oppressive prosecution. *See*, *e.g.*, *Weitzel v. Division of Occupational and Professional Licensing of the Department of Commerce of the State of Utah*, 240 F.3d 871, 877 (10th Cir. 2001) (the petitioner's argument that he had been prosecuted three times did not satisfy his "'heavy burden'" of showing bad faith or harassment under *Younger* (citation omitted)).

II.   Prosecution Under a Flagrantly and Patently Unconstitutional Statute

3

To qualify under the second *Younger* exception, the Petitioner must show that the underlying statute is "'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Mr. Gauntlett has not justified application of this narrow exception.

The Petitioner does not challenge the facial validity of the limitations period at issue. Petitioner's Reply at p. 3. Instead, he argues that application of this limitations period in his unique circumstances would violate the federal constitution. *Id*. at pp. 4-5. Obviously, this argument does not suggest a constitutional violation "'in whatever manner and against whomever an effort might be made to apply it.'" *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)).

To satisfy the *Younger* exception, the invalidity of the statute must be "patent and obvious." *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995). Here the unconstitutionality of the relevant statute is neither "patent" nor "obvious". According to Mr. Gauntlett, the term "discovered" lacks a clear legal definition for purposes of the statute of limitations. Petition at pp. 8-9. Thus, Mr. Gauntlet might have a colorable constitutional claim; but with a legitimate dispute regarding the meaning of the term "discovered", the underlying statute is not patently or obviously unconstitutional as applied here. *See*, *e.g.*, *New Orleans Public Service, Inc. v.*

4

*Council of the City of New Orleans*, 491 U.S. 350, 367 (1989) ("[W]e cannot conclusively say it is [unconstitutional] without further factual inquiry – and what requires further factual inquiry can hardly be deemed 'flagrantly' unlawful for purposes of a threshold abstention determination.").

III.    Other Extraordinary Circumstances When Irreparable Injury Can Be Shown

Mr. Gauntlett finally claims extraordinary circumstances[3] which would result in "irreparable injury." Petitioner's Reply at p. 5. But the Petitioner's only alleged injury is the trial itself. *See id.* ("Gauntlett asserts the right to not be put through a trial . . . unquestionably qualifies as a circumstance of such an extraordinary nature . . . that federal intervention is warranted."). This injury is insufficient, as it is

---

[3]    Mr. Gauntlett argues that some double jeopardy claims have been treated as extraordinary circumstances, which warrant federal intervention in state proceedings. Petitioner's Reply at pp. 7-8. According to the Petitioner, his limitations defense should be treated in the same manner because it too protects an accused from "the ordeal of a trial." *Id.* But Mr. Gauntlett is relying here on the *ex post facto* and due process clauses, rather than the statute of limitations. While a limitations defense may underlie the constitutional claims, it would not independently support federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Burns v. Lafler*, 328 F. Supp. 2d 711, 719 (E.D. Mich. 2004) ("A state court's failure to properly apply a state statute of limitations does not violate due process or any other provision of the Constitution or a federal statute, and thus does not provide a basis for granting a writ of habeas corpus." (citations omitted)). Mr. Gauntlett does not suggest any reason to treat his *ex post facto* or due process claims any differently than the multitude of constitutional theories subject to *Younger* abstention. *See Frazer v. Superior Court, California, County of Mendocino*, 2001 WL 1456793, Westlaw op. at 6-9 (N.D. Cal. Nov. 5, 2001) (unpublished op.) (holding that an *ex post facto* theory was subject to *Younger* abstention and rejecting the contention that retroactive application of a new limitations period would subject the petitioner to irreparable injury by being forced to defend himself at trial).

5

"'incidental to every criminal proceeding brought lawfully and in good faith.'" *Younger v. Harris*, 401 U.S. 37, 49 (1971) (citation omitted); *see also Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977) ("As the Court said in Younger, the fact the accused may have to stand trial is not an 'irreparable injury' . . . ." (citation omitted)).

## RECOMMENDATION

For the reasons discussed above, the Court should abstain and dismiss the action without prejudice to refiling.[4]

## NOTICE OF THE RIGHT TO OBJECT

Any party may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Such objections must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is January 18, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would waive the parties' right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421,

---

[4] *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding with instructions for the district court to dismiss an action without prejudice under *Younger*); *see also American Constitutional Law Foundation, Inc. v. Meyer*, 113 F.3d 1245, 1997 WL 282874, Westlaw op. at 4 (10th Cir. May 29, 1997) (unpublished op.) (*per curiam*) ("Abstention under *Younger v. Harris* . . . results in outright dismissal rather than postponement.").

6

1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 29th day of December, 2004.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

7