**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARY W. WILDER,

Plaintiff-Appellant,

v.

ADAMS COUNTY DISTRICT
COURT, actually named as District
Court of (Private) Adams County;
VINCENT C. PHELPS; ADAMS
COUNTY DISTRICT ATTORNEY,
actually named as District Attorneys
Office of (Private) Adams County;
PETER A. STUMPF; ROBERT S.
GRANT; DON QUICK; ALL ASPECT
INVESTIGATIONS; ELIZABETH
LOYA-HANSEN,

Defendants-Appellees.

No. 08-1085
(D.C. No. 1:07-cv-02435-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Gary Wilder, an inmate in the Adams County Detention Facility, filed a pro se 42 U.S.C. § 1983 complaint asserting violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The district court held that *Younger v. Harris*, 401 U.S. 37 (1971), required it to abstain from hearing Mr. Wilder's case because his Colorado state criminal proceedings were ongoing. This appeal, in which Mr. Wilder renews his motion to proceed on appeal in forma pauperis (IFP), followed.[1]

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo the district court's decision to abstain pursuant to *Younger*. *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1232 (10th Cir. 2001).

Under the *Younger* abstention doctrine, federal courts should ordinarily refrain from interfering in ongoing state criminal proceedings. 401 U.S. at 45. To justify intervention, a plaintiff must "show[] irreparable injury" that "is both great and immediate." *Id.* at 46 (quotation omitted).

In this case, the district court stated:

> Mr. Wilder does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing state court criminal proceedings. The fact that a criminal defendant will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and

---

[1] Although the district court certified the appeal as not taken in good faith under 28 U.S.C. § 1915(a)(3), which states that such an appeal "may not be taken [IFP]," we properly reconsider the matter under Fed. R. App. P. 24(a)(5). *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007).

-2-

immediate irreparable injury. ***See Younger***, 401 U.S. at 46; ***Dolack v. Allenbrand***, 548 F.2d 891, 894 (10th Cir. 1977). If Mr. Wilder ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice.

R., Doc. 9 at 2-3.

Mindful of Mr. Wilder's pro se status, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), we have carefully reviewed his appellate arguments in light of the record on appeal and the governing law. He has not identified any reversible error in this case, and we therefore AFFIRM the judgment of the district court for substantially the same reasons stated in its order of dismissal. Further, we DENY his renewed motion to proceed on appeal IFP. Consequently, Mr. Wilder must immediately remit the unpaid balance of the appellate filing fee.

Entered for the Court


Wade Brorby
Circuit Judge

-3-