**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

MICHAEL LEE SMITH,

    Petitioner - Appellant,

v.

SCOTT CROW, DOC Director,

    Respondent - Appellee.

No. 22-7007
(D.C. No. 6:21-CV-00139-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Michael Lee Smith is charged with first-degree murder in state court in Oklahoma. He is currently in the State's custody while serving a sentence for a different Oklahoma-law conviction. Mr. Smith filed in the district court an application seeking habeas relief under 28 U.S.C. § 2241, arguing that the state court lacks subject matter jurisdiction to prosecute him on the pending murder charge. Citing *Younger v. Harris*, 401 U.S. 37 (1971), the district court abstained from considering Mr. Smith's habeas application, dismissed it without prejudice, and denied a certificate of appealability

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(COA). Mr. Smith seeks a COA from this court to appeal the district court's judgment.

We deny a COA and dismiss the matter.

## I.    Background

Mr. Smith is facing prosecution in Wagoner County District Court in Oklahoma

for a murder that occurred in 1986. He moved to dismiss the murder charge, arguing,

among others, the state court lacks jurisdiction to prosecute him because the crime

occurred in Indian country. After the state trial court denied his motion, Mr. Smith

sought a writ of prohibition on the same ground from the Oklahoma Court of Criminal

Appeals (OCCA). The OCCA denied a writ, noting his claim implicating subject matter

jurisdiction can be reviewed on direct appeal, and concluding Mr. Smith failed to show

the trial court's exercise of power will result in an injury for which he has no adequate

remedy.

Mr. Smith then filed a § 2241 habeas application in the district court.[1] He asserted

the state court lacks subject matter jurisdiction to prosecute him under the reasoning in

*McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because the crime occurred in Indian

country, specifically, within the boundaries of the Muscogee (Creek) Nation. *McGirt*

reversed an Indian's Oklahoma state-court conviction, holding the offense occurred on

the Creek reservation that Congress had not disestablished, and the crime was therefore

subject to exclusive federal jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153.

---

[1] Mr. Smith is awaiting trial on the murder charge in Wagoner County District
Court. Because he is a pre-trial detainee, he properly filed his application for habeas
relief under § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

*See McGirt*, 140 S. Ct. at 2459-60, 2482. In his § 2241 application, Mr. Smith did not allege that he, or the murder victim, is an Indian. But he argued that under Oklahoma's Enabling Act, the State ceded exclusive jurisdiction over crimes committed on Indian land to the federal government, without regard to the race of the defendant or victim. Mr. Smith asked the district court to order the state trial court to dismiss the criminal case against him.

The State moved to dismiss Mr. Smith's § 2241 application, arguing dismissal was warranted under the *Younger* abstention doctrine. The district court concluded it must abstain from intervening in Mr. Smith's state-court criminal proceedings. Applying *Younger*, the court ruled the state proceedings were ongoing, offered an adequate forum for his jurisdictional claim, and implicated important state interests. *See Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (stating three-part *Younger* test). It further found no exception to *Younger* abstention applied, and in particular, that Mr. Smith failed to show he would suffer irreparable injury unless the district court intervened. *See id.* (discussing applicable exceptions to *Younger* abstention including "irreparable injury"). But the court acknowledged that dismissal may be more appropriate under *Ex parte Royall*, 117 U.S. 241 (1886), and its progeny. And it ultimately decided "that regardless of whether Petitioner's claim is considered under *Younger* or *Ex Parte Royall*, federal-court intervention is not warranted." Aplt. App. at 13 n.3.

## II.    Discussion

Mr. Smith must obtain a COA to appeal the district court's dismissal of his § 2241 application. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). "A certificate of

3

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Mr. Smith's habeas application on a procedural ground rather than reaching the merits of his claim, he must show that reasonable jurists would debate (1) whether the district court's procedural ruling was correct, *and* (2) whether his application states a valid claim for the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 485.

We conclude that reasonable jurists would not debate that dismissal of Mr. Smith's application was required, but the more specific authority for the dismissal was *Ex parte Royall*. *See Kirk v. Oklahoma*, No. 21-6050, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). *Younger* and *Ex parte Royall* are related doctrines. Both decisions are based upon "comity, that is, a proper respect for state functions," and they stand for "the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings." *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977) (internal quotation marks omitted). *Younger* addressed a federal court's equitable power to issue an injunction enjoining state proceedings, *see* 401 U.S. at 43-45, while *Ex parte Royall*, like Mr. Smith's case, involved a request for habeas relief, *see* 117 U.S. at 245.

In *Ex parte Royall*, the Supreme Court held federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his

4

detention violates the constitution. *See* 117 U.S. at 245, 250. But the Court further concluded a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. *Id.* at 251-52. Acknowledging exceptions to this rule, the Court pointed to "cases of urgency[] involving the authority and operations of the [federal] government [or] the obligations of this country to or its relations with foreign nations." *Id.* at 251. The Supreme Court has also authorized federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. *See Dolack*, 548 F.2d at 893-94 (discussing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id.* at 894 (internal quotation marks omitted).

Reasonable jurists would not debate the district court's conclusion that no special circumstances justify federal-court intervention in Mr. Smith's state-court criminal case. His is not a "case[] of urgency" involving the federal government's authority or operations or its relations with a foreign government, as described in *Ex parte Royall*, 117 U.S. at 251. Nor is Mr. Smith seeking to compel the state to bring him to trial. *See Braden*, 410 U.S. at 491-92.

Mr. Smith's COA Application focuses almost entirely on the merits of his underlying contention that the state court lacks jurisdiction to prosecute him because the

crime occurred in Indian country. To the limited extent he addresses the district court's abstention ruling, his contentions invoke the same ground: the state court's alleged lack of jurisdiction. On that basis, Mr. Smith argues habeas relief is warranted because he has shown an exceptional circumstance and irreparable injury, and that no important state interest is involved. The law does not support Mr. Smith's assertion. A contention that the state court lacks jurisdiction to try a defendant is not a basis for a federal court to intervene in an ongoing prosecution by granting a writ of habeas corpus. *See Ex parte Royall*, 117 U.S. at 253 (indicating that, *after* a judgment of conviction in state court, a federal court may grant a writ of habeas corpus to discharge the conviction on the ground that the state court lacked jurisdiction); *Winn*, 945 F.3d at 1263 ("With the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings." (internal quotation marks omitted)).[2]

Mr. Smith contends the grant of a COA on a similar jurisdictional question in another case "demonstrates that the lack of jurisdiction is of exceptional circumstance"

---

[2] Mr. Smith relies on *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007), for the proposition that § 2241 is a proper avenue for challenging his pretrial detention. In *Walck* we concluded the "case present[ed] an extraordinary circumstance warranting federal intervention." *Id.* at 1233. But *Walck* was a double jeopardy case readily distinguishable from Mr. Smith's case: "[A] threatened state prosecution in violation of the Double Jeopardy Clause is a circumstance warranting federal intervention" because that clause "protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense." *Id.* (internal quotation marks omitted). Thus, in such a case, the habeas applicant can show irreparable injury absent federal-court intervention. *See id.*

such that the district court's dismissal of his § 2241 application "is debatable among reasonable jurists." COA Appl. at 19. This assertion also lacks merit. In the case he relies on, *Murphy v. Royal*, an Indian sought habeas relief under 28 U.S.C. § 2254, challenging his murder conviction on the ground the state court lacked jurisdiction because the crime occurred in Indian country. *See* 875 F.3d 896, 903, 911 (10th Cir. 2017), *aff'd sub nom,* 140 S. Ct. 2412 (2020). In applying the legal standard in § 2253(c)(2) to grant a COA in *Murphy*, we concluded only that the jurisdictional question was debatable. We did not determine the issue constituted an exceptional circumstance in any context, much less decide it was a basis to intervene in a *pending* state criminal case. Our grant of a COA in *Murphy* does not demonstrate that the district court's procedural ruling in Mr. Smith's case is debatable by reasonable jurists.

In sum, federal habeas relief is not available to Mr. Smith because

> a prisoner in custody under the authority of a state should not, except in a case of peculiar urgency, be discharged by a court or judge of the United States upon a writ of habeas corpus, in advance of any proceedings in the courts of the state to test the validity of his arrest and detention. To adopt a different rule would unduly interfere with the exercise of the criminal jurisdiction of the several states . . . .

*Whitten v. Tomlinson*, 160 U.S. 231, 247 (1895).

7

### III.    Conclusion

Because Mr. Smith has not demonstrated that reasonable jurists would debate the district court's procedural ruling in dismissing his § 2241 habeas application, we deny a COA and dismiss the matter.

Entered for the Court

Veronica S. Rossman
Circuit Judge