(238 P.3d 288)
No. 102,403

STATE OF KANSAS, *Appellant*, v. JAMES WILSON BURNS, JR., *Appellee*.

—

Opinion filed July 23, 2010.

*John H. Taylor,* deputy county attorney, and *Steve Six,* attorney general, for appellant.

*Steven C. Staker,* of Junction City, for appellee.

Before GREENE , P.J., MARQUARDT, J., and BRAZIL, S.J.

MARQUARDT, J.: The State of Kansas appeals the district court's order granting James Burns' motion to dismiss. We affirm.

On May 11, 2006, the State filed a complaint charging Burns with two counts of forgery and one count of felony theft. When this complaint was filed, Burns was serving a 620-month sentence in the El Dorado Correctional Facility, On August 4, 2008, Burns filed a request under the Uniform Mandatory Disposition of Detainers Act (UMDDA), K.S.A. 22-4301 *et seq.,* for a final disposition of these charges. The district court scheduled Burns' first appearance hearing on August 28, 2008.

At the August 28 hearing, Burns was declared indigent and counsel was appointed for him. A status hearing was scheduled for September 11, 2008. At the September hearing, the district magistrate judge scheduled Burns' preliminary hearing for October 28, 2008. At the October hearing, the State requested a continuance, stating:

"[I]n preparing for the preliminary hearing this afternoon, I discovered that, uh, the Abilene Sheriff's Department also has a videotape confession in this matter, and the person we had subpoenaed did not take the confession, an (unintelligible) Cosby, that took the statement, not the ones we had subpoenaed. And I did not realize that there was a videotaped confession, uh, and that discovery has not been given to defense counsel, nor a report from the Abilene Sheriff's Department/ Police Department."

Over Burns' objection, the district magistrate judge granted the continuance, stating there was good cause for the continuance and Burns would suffer no prejudice. The preliminary hearing was rescheduled for November 25, 2008.

On November 25, 2008, the State requested another continuance "due to a mix-up in our office (unintelligible), Mr. Graham had handled this case at the last hearing. . . and I . . . thought Mr. Graham was going to handle the preliminary hearing. But that turned out not to be the case." Over Burns' objection, the district magistrate judge granted the continuance and rescheduled the preliminary hearing for January 8, 2009.

On January 8, 2009, the State requested another continuance because it "just discovered this afternoon, as we were visiting with the witnesses, uh, Detective Cosby is no longer a detective and no longer in Abilene. And in fact, has moved to Kansas City." The State considered her an essential witness because she was the officer who took Burns' confession. Over Burns' objection, the district magistrate judge granted another continuance and rescheduled the preliminary hearing for February 10, 2009.

At the conclusion of the February preliminary hearing, a district judge found that the State had established probable cause to bind Burns over for trial and scheduled his arraignment for February 20, 2009. At arraignment, Burns pled not guilty and requested a trial date. The district court scheduled April 2, 2009, to hear motions.

On March 26, 2009, Burns filed a motion to dismiss the charges, claiming that the State violated his statutory speedy trial rights by not bringing him to trial within 180 days after the district court and county attorney received his UMDDA request. At the hearing on April 2, the State argued that the delays were caused by Burns' refusal to waive his statutory right to a preliminary hearing, and therefore, the time from his first appearance to his arraignment should not be counted against the 180-day deadline. The district judge reviewed the continuances that were granted by the magistrate judge and found that Burns' speedy trial rights were violated and granted Burns' motion to dismiss. The State appeals.

The question of whether a defendant's statutory speedy trial right has been violated is a question of law over which this court exercises unlimited review. *State v. Adams*, 283 Kan. 365, 368, 153 P.3d 512 (2007). Also, the interpretation of a statute is a question

of law over which an appellate court has unlimited review. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

Generally, in a criminal case, the granting of a request for a continuance is within the district court's discretion. *State v. Kirkpatrick*, 286 Kan. 329, 345-47, 184 P.3d 247 (2008). However, when a constitutional or statutory right is involved, that discretion is limited and "there is a greater need for the trial judge to articulate the reasons for any discretionary decision." *State v. Gant*, 288 Kan. 76, 82, 201 P.3d 673 (2009).

While every person accused of a crime has a constitutional and statutory right to a speedy trial under the Sixth Amendment to the United States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution, the UMDDA governs an inmate's speedy trial rights. *State v. Dolack*, 216 Kan. 622, 633-34, 533 P.2d 1282 (1975).

Under the UMDDA, "[a]ny person who is imprisoned in a penal or correctional institution of this state may request final disposition of any untried indictment, information or complaint pending against him in this state." K.S.A. 22-4301(a). The UMDDA provides:

"Within one hundred eighty (180) days after the receipt of the request and certificate by the court and county attorney or *within such additional time as the court for good cause shown in open court may grant*, the prisoner or his counsel being present, the indictment, information or complaint shall be brought to trial; but the parties may stipulate for a continuance or *a continuance may be granted on notice to the attorney of record and opportunity for him to be heard*." (Emphasis added.) K.S.A. 22-4303.

If the State fails to bring the prisoner to trial within the statutory limit, "no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall dismiss it with prejudice." K.S.A. 22-4303.

Here, the parties do not dispute that Burns properly invoked his speedy trial rights under the UMDDA. Under the Kansas speedy trial statute, a defendant may waive his or her statutory speedy trial rights by requesting or acquiescing in the continuances. A continuance charged to the State is counted against the speedy trial dead-

line. K.S.A. 22-3402(2). Here, Burns did not waive his statutory speedy trial rights, nor did he acquiesce in the continuances.

In *State v. Watson*, 39 Kan. App. 2d 923, 186 P.3d 812, *rev. denied* 287 Kan. 769 (2008), the defendant requested two continuances, which were not counted against the speedy trial deadline. Thereafter, the district court granted the State a 35-day continuance without giving Watson or his attorney notice or an opportunity to be heard. Considering the language of the statute, a panel of this court ordered that the 35-day continuance did count against the 180-day time limitation, and held:

"Under the plain language of the statute, *any trial continuance* granted by this court extends the 180-day deadline for commencing a trial under the UMDDA provided that the defendant's attorney received notice of the continuance request and an opportunity to be heard." (Emphasis added.) 39 Kan. App. 2d at 928.

Under *Watson, any* trial continuance granted by the court extends the 180-day deadline so long as the defendant's attorney has notice and an opportunity to be heard. All of the motions for continuances in Burns' case were made orally on the days of scheduled hearings. Here, Burns immediately voiced objections. First of all, we do not consider a motion in open court to qualify as the notice and an opportunity to be heard required in the statute. Under the holding in *Watson*, a defendant's objection and the reasons for the continuance would be meaningless. The *Watson* holding would allow the State to continue a case indefinitely. We do not believe such an interpretation was intended by the legislature. The *Watson* case deals with time limitations under the UMDDA, however, it did not consider a situation where there were valid repeated objections to the State's requests for continuances. We believe the facts of each case dictate how a continuance should be charged under the UMDDA.

In granting the October 2008 continuance, the district court stated that it did not believe Burns would be prejudiced by the delay and used the magic words "it's a good cause." In November, the continuance was granted because the State was confused over who would handle the case. The district court granted this continuance without comment. In January, the State's only reason for the

continuance was that it was unable to subpoena the detective who took Burns' confession because she had moved from Abilene to Kansas City. For the November and January continuances, there was no *good cause* shown, and the court made no good cause finding. Additionally, "[w]hen a party seeks a continuance due to the absence of a witness, the party must show due diligence to procure the witness' testimony." *State v. McDonald*, 250 Kan. 73, Syl. ¶ 2, 824 P.2d 941 (1992). The State did not articulate any effort it expended in trying to find the witness.

On appeal, the State cites *State v. White*, 234 Kan. 340, 673 P.2d 1106 (1983), to support its position that it brought Burns to trial on August 28, 2008, within the 180-day limitation period. In *White*, our Supreme Court examined the meaning of "brought to trial" as used in Article III of the Agreement on Detainers Act, K.S.A. 22-4401 *et seq.*, in determining whether the State timely brought an incarcerated defendant to trial. The *White* court noted, and the State reiterates: "The words 'brought to trial' contained in Article III mean only that a proceeding must be initiated, not that the case be finally disposed of." 234 Kan. at 345.

However, the State takes this sentence out of context. The "proceeding" in *White* was not just *any* proceeding, it was the first day of the defendant's trial. The *White* court held that the State satisfies the statute if the trial begins on the 180th day or the first weekday after the speedy-trial deadline under the time computation rules in K.S.A. 60-206(a). Contrary to the State's suggestion, *White* does not stand for the proposition that the State satisfies its burden by bringing an inmate to trial under the UMDDA when the district court holds a status conference, holds a hearing to grant a continuance, or holds a preliminary hearing. *White* simply does not apply to the facts in Burns' case.

In order for a continuance to toll the period within which an inmate must be brought to trial pursuant to K.S.A. 22-4303, either the parties must stipulate to the continuance, or the court may grant the continuance after good cause has been proven, and then only after the defendant has been given reasonable notice and the opportunity to be heard on the motion. Under K.S.A. 22-4303 and the facts of this case, we find that the delays caused by the State

should be counted against the speedy trial deadline. Accordingly, the district court did not err by dismissing the complaint.

Affirmed.

* * *

GREENE, J., concurring: I write separately to clarify the distinction between this case and the *Watson* case, where I also participated in the panel's decision. In *State v. Watson*, 39 Kan. App. 2d 923, 186 P.3d 812, *rev. denied* 287 Kan. 769 (2008), there was no occasion to construe the UMDDA in circumstances where the State requests the continuance in open court with the inmate or counsel present, *but the defendant objected and there was no showing of good cause.* The panel in *Watson* held only that the period attributable to the State's continuance must be counted toward the speedy trial deadline because the continuance was granted without the inmate or counsel present. In contrast, counsel was present here but there was no showing of good cause for the continuances.

K.S.A. 22-4303 requires the inmate to be brought to trial within 180 days unless that period is extended by one or more continuances that either (1) have been stipulated by the parties; or (2) have been granted in open court with the defendant or counsel present after notice to counsel and the opportunity to be heard, and upon *"good cause shown."* In retrospect, the panel's decision in *Watson* may have been overbroad in holding that "any trial continuance granted by the court extends the . . . deadline . . . provided that the defendant's attorney received notice . . . and an opportunity to be heard." 39 Kan. App. 2d at 928. Although the facts in *Watson* did not frame a good cause issue, the holding probably should have recognized the need for good cause to be shown, because it is a clear statutory mandate.

Here, there was no good cause shown for two of the continuances granted to the State. The first was due to some confusion in the prosecutor's office and the second was due to an apparent wholesale failure to follow up on the need to procure a witness' presence. The defense objected to both requests, and in neither instance was there a showing of good cause, nor did the court make any finding of good cause. See *State v. McDonald*, 250 Kan. 73,

Syl. ¶ 2, 824 P.2d 941 (1992) (due diligence must be shown to support a continuance to procure a witness' testimony). Obviously, after a UMDDA demand has been submitted, the better practice is for the court to make a record of all proceedings addressing continuance requests, and to make findings as to good cause.

Contrary to the State's argument, we do not assume good cause for a continuance merely because it was granted by a magistrate. Indeed, our court has consistently examined the basis for any continuance granted after a UMDDA letter. See, *e.g.*, *State v. Rothwell*, No. 92,493, unpublished opinion filed January 13, 2006; *State v. Flowers*, No. 89,859, unpublished opinion filed April 2, 2004, *rev. denied* 278 Kan. 849 (2004); see also *State v. Pickerill*, No. 100,189, unpublished opinion filed April 3, 2009. Moreover, our focus on appeal must be on the action of the district court in its dismissal of the case; implicit in the district court's conclusion and its dismissal is its belief that the continuances granted by the magistrate were not supported by good cause shown. We review the district court's findings for an abuse of discretion, and we must conclude that there was no abuse of discretion in these findings. See *State v. Kirkpatrick*, 286 Kan. 329, 345-46, 184 P.3d 247 (2008).

I concur with the majority and the district court in concluding that Burns was entitled to a dismissal of the criminal charges based on a violation of his speedy trial rights under the UMDDA.

\* \* \*

BRAZIL, S.J., concurring: I do not agree with the majority opinion wherein it states that "we do not consider a motion in open court to qualify as the notice and an opportunity to be heard required in the statute."