IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,433

STATE OF KANSAS,
*Appellee*,

v.

CODY MICHAEL LAMIA-BECK,
*Appellant*.

SYLLABUS BY THE COURT

Under the Revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., when a sentence is drawn from an incorrect sentencing grid block, it is presumptively illegal.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 3, 2023. Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Oral argument held February 1, 2024. Opinion filed June 14, 2024. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Jodi Litfin*, deputy district attorney, argued the cause, and *Derek Schmidt*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.:  Cody Michael Lamia-Beck pleaded no contest to second-degree murder, and the district court imposed a sentence. Soon after, the district court ruled the

sentence was illegal because it was generated from an incorrect sentencing grid. The court resentenced Lamia-Beck to a longer sentence. Lamia-Beck appealed, arguing the original sentence was legal because it fell within the correct sentencing range, so the district court lacked jurisdiction to impose a new one. The Court of Appeals affirmed the district court. We granted Lamia-Beck's petition for review and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Lamia-Beck pleaded no contest to second-degree murder, a severity level one person felony. In exchange, the State agreed to dismiss a separate case against him. The parties agreed to recommend the high number in the appropriate grid block as a sentence.

At sentencing, Lamia-Beck did not object to a criminal history score of "I." The presentence investigation report (PSI) described the sentencing range for a severity level 1 crime and a criminal history of I to be 138, 146, and 154 months. The State told the court that "[p]ursuant to the plea agreement, the parties are recommending the aggravated range of 154 months . . . ." Lamia-Beck's attorney responded: "[T]hat is the parties' agreement that that the court sentence him to the aggravated number imposed in presumption of prison . . . ." The district court sentenced Lamia-Beck to 154 months' imprisonment, which it described as "the maximum sentence the law would allow."

Three days after sentencing, the State moved to correct an illegal sentence. The State explained the sentencing range in the PSI mistakenly corresponded with the drug offense grid rather than the nondrug offense grid, so the described sentencing range had been incorrect. The nondrug offense grid directed a sentencing range of 147, 155, and 165 months for Lamia-Beck's crime and criminal history, so the court should have sentenced him to 165 months if it was aiming for the high number in accordance with the parties' recommendations. Thus, the State reasoned, the 154-month sentence was illegal.

2

Lamia-Beck responded that the 154-month sentence was not illegal because, even though it was not the high number in the correct grid block, it still fell within the correct presumptive range of 147-165 months. Because the sentence was not illegal, Lamia-Beck argued, the district court lacked jurisdiction to resentence him.

The district court agreed with the State. It held that the original sentence was illegal because "the defendant was sentenced under the drug grid, rather than the nondrug grid." The court resentenced Lamia-Beck to 165 months' imprisonment. Lamia-Beck appealed.

The Court of Appeals affirmed the district court. *State v. Lamia-Beck*, No. 124,433, 2023 WL 1487802 (Kan. App. 2023) (unpublished opinion). We granted Lamia-Beck's petition for review.

ANALYSIS

The district court concluded Lamia-Beck's original sentence was illegal, thereby securing its jurisdiction to resentence Lamia-Beck. The Court of Appeals agreed the original sentence was illegal based on this court's decision in *State v. Hankins*, 304 Kan. 226, 372 P.3d 1124 (2016), which it considered controlling.

*Standard of Review*

The issue we face generates questions of jurisdiction, statutory interpretation, and the legality of a sentence. These are legal questions subject to de novo review. See *State v. Johnson*, 317 Kan. 458, 461, 531 P.3d 1208 (2023) (statutory interpretation and the legality of a sentence are legal issues subject to unlimited review); *State v. Hall*, 298 Kan.

3

978, 982-83, 319 P.3d 506 (2014) (jurisdiction questions are legal questions subject to de novo review).

*Discussion*

Once a district court sentences a defendant, it loses jurisdiction to modify that sentence unless it is illegal or "to correct arithmetic or clerical errors." *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019); *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018) ("An illegal sentence may be corrected" at any time "regardless of whether one or more parties may have had a hand in arriving at the illegality."); K.S.A. 21-6820(i) (district court retains authority to correct illegal sentence even postsentencing). Both parties agree this case thus turns on whether Lamia-Beck's 154-month sentence was illegal.

An "illegal sentence" is one that is "imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1). The district court here had jurisdiction to impose the original sentence, and the sentence was not ambiguous. Thus, Lamia-Beck's sentence was illegal only if it did not conform to the applicable statutory provision in character or punishment.

This court has held that "'applicable statutory provision' in K.S.A. 2022 Supp. 22-3504(c)(1) is limited to those statutory provisions that define the crime, assign the category of punishment, or involve the criminal history classification axis." *Johnson*, 317 Kan. at 461-62.

The relevant statutory provisions here are the following: K.S.A. 21-6815, which provides that a sentencing court "shall" impose the presumptive sentence unless reasons

4

exist for a departure; K.S.A. 21-6803(q), which defines the presumptive sentence as the sentence "provided in a grid block for an offender classified in that grid block;" K.S.A. 21-6804(a), which holds Lamia-Beck's grid block and describes a presumptive sentencing range for him of 147-165 months; and K.S.A. 21-6804(e)(1), which gives the sentencing court authority to select a number anywhere within the presumptive sentence range in that grid block but recommends it choose the middle number for usual cases and the upper and lower for mitigating or aggravating circumstances.

The parties disagree on what it means to "conform" to these provisions. The State argues that, under *Hankins*, a sentence does not conform to these provisions when the court generates the sentence from an incorrect grid block. The Court of Appeals agreed. Lamia-Beck contends the sentence's genesis does not matter and that it conforms so long as the resulting number falls anywhere within the range in the offender's grid block.

*Hankins* supports the State's position. There, the court determined the defendant's presumptive sentencing range was 68 to 77 months based on a criminal history score of "G." From this range, the court sentenced Hankins to 68 months' imprisonment. Hankins appealed the sentence, arguing it was illegal because the court had incorrectly calculated his criminal history score. With a correct criminal history score, Hankins argued, his presumptive sentencing range was 61-71 months. The State argued that even if that was true, Hankins' sentence of 68 months could not be illegal because it still fell within the alleged correct sentencing range.

This court agreed the sentencing court had incorrectly scored Hankins' criminal history. It then rejected the State's argument that the sentence was nonetheless legal because it would still be within the correct sentencing range. It reasoned:

> "[T]he KSGA defines 'presumptive sentence' as 'the sentence provided in a grid block for an offender *classified in that grid block* by the combined

5

> effect of the crime severity ranking of the current crime of conviction and the offender's criminal history.' (Emphasis added.) K.S.A. 21-4703(q). The judge did not select the 68-month sentence from within the grid block for which Hankins was classified, negating its status as a presumptive sentence, i.e., a sentence that conforms to the statutory provision." *Hankins*, 304 Kan. at 238.

The court then explained that the statute was also out of conformity with K.S.A. 2010 Supp. 21-4704(e)(1), now codified at K.S.A. 21-6804(e)(1).

> "Moreover, a sentencing judge is to select the middle number in the grid block in the usual case and 'reserve the upper and lower limits for aggravating and mitigating factors insufficient to warrant a departure.' K.S.A. 2010 Supp. 21-4704(e)(1). Consequently, the fact that the mitigated sentence imposed from the incorrect grid block is less than the potential aggravated sentence from the correct grid block does not legalize an otherwise illegal sentence." *Hankins*, 304 Kan. at 238.

*Hankins* is sound. To "conform" to applicable statutory provisions, a sentence must "be in accord or agreement" with those provisions. Webster's New World College Dictionary 313 (5th ed. 2018). K.S.A. 21-6815 directs the district court to impose the "presumptive sentence" unless the circumstances warrant a departure. A presumptive sentence is "the sentence provided in a grid block for an offender classified in that grid block . . . ." K.S.A. 21-6803(q). When a sentence comes from a different grid block, it is not in accord with these provisions.

Lamia-Beck insists this is incorrect because the raw number of a sentence is the only thing that matters, and so long as that number can be found in the correct grid block, it conforms to the applicable statutory provision.

We disagree. Because a grid block provides a range of sentences, it does not dictate the exact sentence a court must impose. Instead, K.S.A. 21-6804(e)(1) directs the district court to use its discretion to select a sentence from within the provided range. It recommends a sentencing court use the middle range sentence only in the "usual case" and turn to the upper and lower numbers in the case of aggravating and mitigating factors. K.S.A. 21-6804(e)(1). Thus, a sentence is more than a raw number; it is a number resulting from the exercise of the district court's discretion within the confines of a dictated range. This is why a sentence is presumptive only if it is drawn from the correct range. Otherwise, the district court has not appropriately exercised its discretion in conformity with the relevant statutory provisions. Thus, under the Revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., when a sentence is drawn from an incorrect sentencing grid block, it is presumptively illegal.

We affirm the principles announced in *Hankins*. As in *Hankins*, the sentencing court here drew Lamia-Beck's sentence from an incorrect grid block, thus "negating its status as a presumptive sentence" and making it presumptively illegal. *Hankins*, 304 Kan. at 238. No other statutory provisions legalized this sentence, so the district court was correct when it held it had jurisdiction to resentence Lamia-Beck to a legal sentence. The Court of Appeals was correct when it agreed.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.