NOT DESIGNATED FOR PUBLICATION

No. 127,669

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYCE SIROKY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed May 9, 2025. Affirmed in part, sentence vacated, and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., MALONE and COBLE, JJ.

PER CURIAM: Bryce Siroky appeals the district court's decision revoking his probation. He raises two issues: (1) The district court abused its discretion when it granted the State a continuance of his probation revocation hearing and (2) his sentence is illegal because it was drawn from the wrong sentencing grid box. We disagree with Siroky's first claim but agree with his second. Thus, we affirm the district court's decision to revoke Siroky's probation but vacate his sentence and remand for resentencing.

1

FACTUAL AND PROCEDURAL BACKGROUND

Siroky was convicted of attempted sexual assault of a child in Colorado in 2001, and because of this conviction, he needed to register as an offender under the Kansas Offender Registration Act (KORA). In December 2022, the State charged Siroky with one count of violating KORA, a severity level 6 felony, for failing to report in person to the Sedgwick County Sheriff's Office. Siroky agreed to plead guilty to the offense as charged in exchange for the State's recommendation that he be sentenced to the low number in the applicable grid box and that he be granted a dispositional departure to probation. Siroky's presentence investigation (PSI) report found that he had a criminal history score of B. Thus, his applicable grid box should have been 37-39-41 months' imprisonment, but the PSI report mistakenly indicated a presumptive sentencing range of 40-43-46 months' imprisonment corresponding with a criminal history score of A.

At the sentencing hearing on July 21, 2023, the parties agreed that Siroky's criminal history score was B. The district court sentenced Siroky to 40 months' imprisonment, the low number in the grid box corresponding with a criminal history score of A, and granted Siroky's request for a dispositional departure to probation for 24 months. Neither party objected to the district court's pronouncement of the sentence from the incorrect grid box. The journal entry of sentencing indicated a criminal history score of B but mistakenly listed the presumptive sentencing range as 40-43-46 months.

In the months after sentencing, the State alleged that Siroky violated the terms of his probation by committing a domestic battery and by using methamphetamine. Based on a failed drug screening, Siroky admitted to using the illegal drug, but he did not admit to committing the domestic battery. The district court held a probation violation hearing on March 15, 2024, at which the State called Siroky's girlfriend as a witness—she had been the alleged victim of his domestic battery. But she testified that Siroky had not attacked her; she had been the aggressor and Siroky had merely restrained her in self-

2

defense. After Siroky's girlfriend testified, the State notified the district court that the responding officer who had taken her statement was "out of town and unavailable" to testify. The prosecutor explained that the officer had apparently been released from his subpoena before the hearing and asked the district court to "consider bifurcation to allow [the State] to provide his testimony to the Court," explaining, "I believe some of what has been testified to may be inconsistent with what was reported on that day." Siroky's attorney opposed the State's request for a continuance, arguing that the State was to blame for the officer's absence and that it should not have released him from his subpoena. The district court granted a continuance for "approximately 30 day[s]," noting that Siroky was not in custody and that the continuance would not be "overly prejudicial."

On April 19, 2024, at the continued revocation hearing, Siroky objected again to the district court's decision to grant the State a continuance—he argued that the State had failed to show due diligence to procure the officer's testimony. The district court overruled the objection. The State then called Officer Mike Tiday to testify about his investigation into the alleged domestic battery. Contrary to the girlfriend's testimony, Tiday testified that Siroky had instigated the encounter and that he had acted out of anger rather than self-defense. Tiday recalled that Siroky's girlfriend had explained to him that she and Siroky had a physical altercation and showed him her bruises and bloody fingers.

After hearing Tiday's testimony, the district court found that the State had met its burden to show that Siroky committed the offense of simple battery while on probation. Based on Siroky's admission to using methamphetamine and the finding that he had committed a new offense, the district court revoked Siroky's probation and ordered him to serve his original sentence of 40 months' imprisonment. Siroky timely appealed.

*Did the district court err in granting the State's request for a continuance?*

Siroky contends the district court abused its discretion when it granted the State's request for a continuance and a bifurcated probation revocation hearing. The State maintains that the district court acted within its discretion when it continued the hearing because of the unavailable officer.

A district court may grant a continuance to any party "for good cause shown." K.S.A. 22-3401. An appellate court reviews a district court's decision to grant or deny a request for a continuance for an abuse of discretion. *State v. Burnett*, 300 Kan. 419, 436, 329 P.3d 1169 (2014). A judicial action constitutes an abuse of discretion if the action (1) is based on an error of law; (2) is based on an error of fact; or (3) is arbitrary, fanciful, or unreasonable. As the party alleging an abuse of discretion, Siroky bears the burden of proof on appeal. *State v. Sinnard*, 318 Kan. 261, 270, 543 P.3d 525 (2024).

Siroky argues that the district court's decision to grant the continuance was based on a legal error—specifically, that the district court granted the continuance without requiring the State to show due diligence to procure the unavailable officer's testimony. Siroky quotes *State v. McDonald*, 250 Kan. 73, Syl. ¶ 2, 824 P.2d 941 (1992), for the proposition that "[w]hen a party seeks a continuance due to the absence of a witness, the party must show due diligence to procure the witness' testimony." But more recently the Kansas Supreme Court has held that a showing of due diligence is only one of several factors in the calculus of whether to grant a continuance:

> "When a continuance is requested during a criminal trial, the district judge should weigh the possible prejudice to the parties, the diligence or lack thereof in attempting to secure a witness, the materiality and importance of the probable testimony, and the probability of the witness' appearance at a later date if a continuance is granted." *State v. Carter*, 284 Kan. 312, Syl. ¶ 3, 160 P.3d 457 (2007).

4

As the State points out, the cases that cite the principle that a party must show due diligence involve requests for continuances from criminal trials. When constitutional or statutory rights are involved, a district court's discretion to grant a continuance is more limited and "'there is a greater need for the trial judge to articulate the reasons for any discretionary decision.'" *State v. Burns*, 44 Kan. App. 2d 289, 292, 238 P.3d 288 (2010) (quoting *State v. Gant*, 288 Kan. 76, 82, 201 P.3d 673 [2009], *overruled on other grounds by State v. Sampson*, 297 Kan. 288, 301 P.3d 276 [2013]). Here, the State requested a continuance from a probation revocation hearing, which did not carry the same constitutional and statutory implications as a continuance from a jury trial. "Revocation of probation is not part of a criminal prosecution and, therefore, the full panoply of rights due a defendant in a criminal case is not applicable to a probation revocation proceeding." *State v. Billings*, 30 Kan. App. 2d 236, Syl. ¶ 2, 39 P.3d 682 (2002).

Siroky provides no legal authority to support his assertion that the district court committed a legal error in granting the continuance beyond his citation to *McDonald*. Siroky does not comment on whether he was prejudiced by the continuance, the materiality and importance of Tiday's testimony, or the likelihood that Tiday would appear later—other factors the district court should consider in deciding whether to grant a continuance according to *Carter*. We disagree with Siroky's claim that the district court's decision to grant the continuance was based on an error of law. Thus, the district court abused its discretion only if its decision was based on an error of fact or the decision was arbitrary, fanciful, or unreasonable.

Although Siroky does not argue the district court's decision was unreasonable or based on an error of fact, we will briefly address the circumstances of the continuance request. As the prosecutor explained after Siroky's girlfriend testified, Tiday was initially subpoenaed by the assigned assistant district attorney, but that attorney had apparently released Tiday from the subpoena via email. The prosecutor was not aware of this mistaken release and appeared to be under the impression that Tiday was prepared to

testify that day. Upon finding out that Tiday had been released from the subpoena, the prosecutor was informed that Tiday was out of town that day. Based on the State's belief that Tiday's testimony would contradict Siroky's girlfriend's testimony, the district court granted the continuance. The district court also noted that the continuance would not prejudice Siroky. It cannot be said that the district court's decision under these circumstances was unreasonable nor based on any error of fact. Thus, we conclude the district court did not abuse its discretion in granting the State's request for a continuance of the probation revocation hearing.

*Is Siroky's sentence illegal?*

Siroky argues that this court must vacate his sentence and remand for resentencing because his sentence is illegal. The State concedes that Siroky's sentence is illegal because it was drawn from an incorrect sentencing grid box and agrees that this court should vacate Siroky's sentence and remand for resentencing within the appropriate sentencing grid box. Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Lamia-Beck*, 318 Kan. 884, 886, 549 P.3d 1103 (2024).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a); see *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). A sentence is illegal if (1) the sentencing court lacked jurisdiction; (2) the sentence violates the sentencing statutes; or (3) the sentence is ambiguous regarding the time and manner for serving such sentence. K.S.A. 22-3504(c)(1). As the Kansas Supreme Court has explained, "under the Revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., when a sentence is drawn from an incorrect sentencing grid block, it is presumptively illegal." *Lamia-Beck*, 318 Kan. at 889.

At sentencing, the parties agreed with the PSI report that Siroky's criminal history score was B. The district judge announced, "Based upon statements of counsel,

statements of the defendant himself, I will make a finding your criminal history score is B." Despite finding Siroky's criminal history score to be B, the district court imposed a sentence from the sentencing grid box corresponding to a criminal history score of A. After Siroky's probation was revoked, the district court ordered him to serve his original sentence. Because the district court drew Siroky's sentence from the wrong grid box, his sentence is illegal. Thus, we vacate Siroky's sentence and remand for resentencing.

Affirmed in part, sentence vacated, and case remanded for resentencing.